In re the MARRIAGE OF Ramona J. HEDDY, Petitioner-Appellant,

and

Lewis O. Heddy, Respondent.

No. 36299.

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 2, 1976.

Motion for Rehearing or Transfer
Denied April 13, 1976.

Application to Transfer Denied
May 5, 1976.

Ray A. Gerritzen, Gerritzen & Gerritzen, St. Louis, for plaintiff-appellant.

STEWART, Judge.

The marriage of Ramona and Lewis Heddy was terminated by a decree of dissolution after 21½ years of marriage under the Dissolution of Marriage Act §§ 452.300 to 452.415.[1] Three children were born of the marriage. Ronald was 17 years of age at the time of trial, Donald 15, and Randall 13. The parties stipulated that the marriage was irretrievably broken.

This appeal by petitioner, Ramona Heddy, questions the judgment of the trial court with respect to the finding that Ronald is emancipated; the allowances for child support and maintenance; and the division of marital property. We have not been favored with a brief by respondent. We reverse in part and affirm in part.

Mrs. Heddy had been employed during a portion of time that the parties were married, but by the time of trial she had been determined to be industrially disabled. As a result she receives $188.50 per month for herself and $155.00 for the children from "Social Security". The exact nature of her disability was not developed.

The respondent's net earnings for 1973 were $8589.76 and $3627.92 for the first 5 months of 1974. His monthly income is thus approximately $725.00.

Other facts pertinent to the issues raised will be discussed in relation to the issues.

The trial court made allowances of $20.00 per week each for the children, Donald and Randall, and granted custody to petitioner with certain rights of temporary custody in the respondent. The court made a finding that Ronald, age 17, was emancipated. The court awarded maintenance of $20.00 per week and $250.00 as attorney fees to petitioner. The court also made a division of marital property which will be discussed more fully hereafter.

■ In this court-tried case we are required to review both the law and the evidence giving due deference to the opportunity of the trial court to have judged the credibility of the witnesses. If, however, we are convinced that the trial court erred, it is our duty to enter such judgment as the trial court should have entered. Rule 73.01; *In re Marriage of Powers*, 527 S.W.2d 949, 954 (Mo.App.1975).

■ Petitioner first contends that the court erred in finding that Ronald was emancipated. We agree. We have searched the pleadings and the testimony and do not find that the question of emancipation was ever an issue in the case.

Testimony respecting Ronald's status is meager. The parties stipulated that petitioner have custody of the children. No exception was made with respect to Ronald. This clearly indicates that the parties did not consider Ronald to have been emancipated by them. The testimony respecting the needs of the children referred to the collective needs of the three sons, all of whom lived in the family home with petitioner. Ronald was a high school student. The only testimony with respect to any employment was the result of an unresponsive answer to a question:

"Q. Did you give him any money to buy that car with?

A. No. The boy is working. He is working at Bonanza and he turns quite a bit over to his father. What he does, he says he turns so much over to him."

There is no evidence as to the amount of time he works, how much he makes, to what if anything he does with any money that is left after he turns some money over to his father.

1. All Statutory References are to R.S.Mo., Supp.1973, unless otherwise indicated.

■ Emancipation has been defined as the "freeing of a child for all the period of its minority from the care, custody, control, and service of its parents; the relinquishment of parental control, conferring on the child the right to its own earnings and terminating the parent's legal obligation to support it." 67 C.J.S. Parent and Child § 86, page 811. Emancipation may be accomplished by express or implied agreement but it is never presumed and the burden is upon him who would assert it. *Specking v. Specking,* 528 S.W.2d 448, 451[5, 6] (Mo. App.1975).

We can find no evidence to warrant a finding that Ronald was emancipated.

■ The trial court having found that Ronald was emancipated made no allowance for his support. It is our duty, if possible, to enter such judgment respecting an allowance for Ronald as the trial court should have entered. *In re Marriage of Powers, supra.* There is evidence in the record of the need for food, clothing, shelter and other necessities to cover the needs of the three children as a group. The needs of the mother are stated separately. Under the circumstances of this case it would only unnecessarily lengthen this opinion to set out these details. Such information would have no precedential value. In this particular case the question is not so much a question of need as it is a question of ability to pay.

■ Of the elements to be considered in making an allowance for child support as provided by § 452.340 [2] we do not have an accurate statement respecting Ronald's financial resources. However, respondent did not contest the need of the three children as a group. The need exceeds the

funds available including the allowance which petitioner receives from "Social Security". Ronald is indebted to his father in the sum of $500.00 for an automobile for which respondent advanced the purchase price and for insurance for the car. Considering the circumstances of the parties and the overriding interest of bringing this litigation to an end we feel that $20.00 per week would be a reasonable allowance for the support of Ronald. Justice does not require that we remand this case for the purpose of a hearing on this issue. Rule 84.14.

■■ The petitioner complains that the award of $20.00 per week maintenance and $20.00 per week each for the children Donald and Randall is inadequate. The amounts allowed for maintenance and child support are still matters within the sound discretion of the trial court. *Larison v. Larison,* 524 S.W.2d 159 (Mo.App.1975). As we have noted above the needs of the parties are greater than the funds available. As the children become emancipated or reach majority there may be more funds available to meet the needs of petitioner. Under the circumstances existing at the time the case was heard, considering the allowance that we have made for Ronald, we cannot say that the trial court abused its discretion.

■ Petitioner alleges that the award of $250.00 as attorney's fees was wholly inadequate. Her attorney had been paid the sum of $775.00 through April 16, 1973. He testified that an additional $263.50 was due prior to trial and that a reasonable fee for his services from April 16, 1973 through the trial was $613.50.

2. "In a proceeding for nonretroactive invalidity, dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
　(1) The father's primary responsibility for support of his child;
　(2) The financial resources of the child;

　(3) The financial resources of the custodial parent;
　(4) The standard of living the child would have enjoyed had the marriage not been dissolved;
　(5) The physical and emotional condition of the child, and his educational needs; and
　(6) The financial resources and needs of the noncustodial parent.
Laws 1973, p. 470, § 9, effective Jan. 1, 1974."

The pertinent portions of Section 452.355 provide: "The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, . . . ." The statute does not require the court to make an award of the full amount of the costs and of a reasonable attorney fee but a reasonable amount toward the costs and attorney's fees. The amount to be awarded is within the discretion of the court. *Specking v. Specking, supra* at 452. We are not called upon to review the reasonableness of the value of the services of petitioner's attorney but the reasonableness of the award considering the circumstances of the parties. Under that standard we cannot say that the court abused its discretion.

The petitioner next complains of the division which the court made of the marital property.

The Dissolution of Marriage Act has made major changes in family law in Missouri. One of the most significant changes is the concept of marital property and the power given to the court under the mandate of the statute that upon dissolution of marriage the court "shall divide the marital property." § 452.330.

All of the assets of these parties are marital property. The principal asset is a five room brick residence which is carpeted and fully furnished. The value of the furniture was not estimated. The house had been purchased in about 1964 for $13,900.00, the parties added central air conditioning and they had some excavating work done to the yard. Petitioner, Mrs. Heddy, estimated the value of the real property to be $16,000 to $17,000. Respondent, Mr. Heddy, placed a value of $22,000 upon the property. Mr. Heddy who was living apart had purchased some furniture for approximately $400.00. Respondent was driving a 1973 Pontiac Catalina for which he paid about $4,000 and on which he still owed approximately $1,800. Petitioner was driving a 1966 Chrysler automobile.

The court's decree granted petitioner the right to live in the home until the youngest child attains the age of 21 years, until petitioner remarries, or until she no longer resides in the home with any of the children, whichever event occurs first.

The court found the home to have a value of $19,000 with an equity of $9,000, and that respondent's net equity after considering the cost of sale was $4,000. The court then decreed that upon termination of petitioner's right to reside in the home the house be sold at which time respondent receive the sum of $4,000 or 50% of the net amount realized after deduction of the "present mortgage", whichever is less, and that petitioner receive the balance. The decree further ordered that petitioner make all payments on the "mortgage" so long as she resides in the home. The payments on the notes are $107 to $108 per month. The court also decreed that respondent have the Pontiac automobile subject to the incumbrance, and the other personal property then in his possession; and that petitioner have the 1966 Chrysler and all of the personal property then in her possession.

The petitioner contests only the provisions of the decree respecting the division of the real property. She first objects to the finding of the court that the value of the real property was $19,000. She claims there was no evidence that the value was $19,000. There was testimony by petitioner that the value of the property was $16,000 to $17,000 and by respondent that the value was $22,000. The owners of property may testify as to their opinion of the value of the property. *State v. Northeast Building Co.,* 421 S.W.2d 297, 301[3] (Mo.1967). It was the obligation of the trier of the facts to make the necessary findings. The court was not bound by the testimony of either witness. The finding was within the range of the testimony and clearly cannot be said to be erroneous.

She also contends that the court ignored subsections one and three of Sec-

tion 452.330 in making the division of property.

As related to the contentions of petitioner § 452.330 provides:

" . . . the court . . . shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage."

The factors enumerated are not exclusive. The statute has given to the trial court great flexibility and far reaching power when dividing marital property in order to accommodate the needs of the parties upon dissolution of a marriage. There is no formula respecting the weight to be given to the relevant factors which a court may consider in carrying out the mandate of the statute.

The petitioner was employed for about nine years "off and on" during the marriage and thus both parties contributed to the property they had acquired. They have no separate property. The court gave to petitioner the right to live in the house with the children for a limited time upon payment of the amounts due monthly on the note given in payment of the house. If she could find a more economical method of providing a home she can affect the sale knowing that she will receive no less than one-half of the net realized upon the sale of the property and possibly more if the net value exceeds $8,000.

The order which the court made constitutes the present division of the marital property. We cannot say that the court abused its discretion in this case.

We have reviewed all other matters discussed by petitioner but find no prejudicial error.

The cause is remanded to the trial court for entry of judgment for support of Ronald in the sum of $20.00 per week effective as of the date of the original decree. In all other respects the judgment of the trial court is affirmed. The trial court has retained jurisdiction, as it may, for the purpose of considering further allowances of costs and attorney's fees for services rendered on appeal. *Nixon v. Nixon,* 525 S.W.2d 835 (Mo.App.1975).

CLEMENS, P. J., and KELLY, J., concur.