Carolyn Joyce BIERMANN, Respondent,

v.

William Raymond BIERMANN,
Appellant.

No. 39850.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 6, 1979.

David R. Spitznagel, Clayton, for appellant.

Thomas M. Lang, Thomas K. Edelmann, Love, Lacks, McMahon & Schwarz, Clayton, for respondent.

ALDEN A. STOCKARD, Special Judge.

This is an appeal by William Raymond Biermann from the refusal of the trial court to quash a writ of execution whereby Carolyn Joyce Biermann, his former wife, sought to collect child support awarded to her in a divorce proceeding in 1971. We affirm.

The judgment awarding child support did not state for how long the pay-

ments were to be made. Therefore, they were to be made until the child reached majority or was emancipated. Appellant discontinued payments of child support for each child when that child reached the age of eighteen years on the theory that the child reached majority at that age.

The issues on this appeal are:

(1) Does a child reach majority for the purpose of terminating the obligation of a parent to pay child support pursuant to a divorce or dissolution of marriage decree at age eighteen or at age twenty-one?

(2) If the obligation to pay child support did not terminate at age eighteen, was Carolyn Ann Biermann, the oldest child of the parties, emancipated at anytime before reaching twenty-one years of age.

Appellant admits that under the common law an infant person attained majority at the age of twenty-one years, see 42 Am. Jur.2d Infants § 3, and that until changed by legislative action the common law shall be the rule of action and decision in this State. § 1.010 RSMo 1969; *Robertson v. Jones*, 345 Mo. 828, 136 S.W.2d 278 (1940). Appellant contends, however, that the legislature has changed the age of majority to eighteen years of age.

Appellant first refers to the fact that in 1974 the legislature passed Senate Bill 438, which provided, among other things, that "The age of majority in this state is eighteen years, and all persons having attained that age are entitled to all the privileges, rights and immunities, and subject to all the obligations and responsibilities of adulthood and are not subject to any of the disabilities of infancy." An exception was provided as to laws "pertaining to alcoholic beverages." However, in *State ex rel. McNary v. Stussie*, 518 S.W.2d 630 (Mo. banc 1974), the Supreme Court of this State declared the above legislative act to be unconstitutional in its entirety. Nevertheless, appellant argues that the passage of this unconstitutional act "clearly indicates the intention of the legislature * * * to change the age of majority to eighteen, * * *."

The legislature may have intended to change the age of majority to eighteen years, but it did not do so by the passage of an unconstitutional act. The courts are bound by what the legislature in fact did; not by what was its ineffective intention.

Appellant points to other acts of the legislature which have changed the age from twenty-one to eighteen years for specified purposes. For example, § 451.090(2) now provides that a male eighteen years of age may obtain a license to marry without parental consent. Also, § 507.115 authorizes a person who is eighteen years of age to prosecute or defend a lawsuit in his own name as the real party in interest, and § 431.055 authorizes a person eighteen years of age to enter into a legally binding contract. Unquestionably, these statutes evidence the intention of the legislature that for the stated purposes the age of eighteen years is sufficient. However, appellant points to no statute, and we find none, which purports to change the common law obligation of a parent to support a minor child until he reaches the age of twenty-one years, or to abrogate the authority of the court in a dissolution of marriage proceeding to award child support to the custodial spouse until the child reaches the age of twenty-one years.

Absent a showing of emancipation, the obligation of appellant under the decree of divorce for child support did not terminate as to each child until that child reached the age of twenty-one years. See *Block v. Lieberman*, 506 S.W.2d 485 (Mo. App.1974).

Appellant next contends that Carolyn Ann was emancipated prior to reaching her twenty-first birthday, and that the trial court erred in failing to so find.

Carolyn Ann was eighteen years of age on February 1, 1974 and graduated from High School that spring. In the fall she attended the University of Missouri at Columbia. For that year appellant paid her tuition and other expenses. In the summer of 1975 she returned to her mother's home

and obtained employment, but in the fall she returned to the University. From that time and as long as she was at the University she obtained some financial aid in the form of grants or scholarships, and she worked at part-time jobs. In this way she paid her tuition and expenses. Her mother, as custodial parent, filled out a personal financial statement in order to qualify Carolyn Ann for the aid. Carolyn Ann did not return home the following summer, but obtained employment in Columbia. She did return home for major holidays, such as Christmas and Thanksgiving Day and frequently returned home on weekends. When she was at home her mother provided her with food and a place to sleep. She received no financial support while at school from her mother on a regular basis, but her mother occasionally gave her some money to pay transportation costs to and from Columbia.

The emancipation of a minor child is never presumed, *Brosius v. Barker*, 154 Mo.App. 657, 136 S.W. 19 (1911), and the express or implied consent of the parents, or of the one having custody, is required. *Specking v. Specking*, 528 S.W.2d 448 (Mo. App.1975). The burden of proving emancipation is on the party asserting it. *Wurth v. Wurth*, 322 S.W.2d 745 (Mo. banc 1959).

In *Brosius v. Barker*, supra at p. 19, it was stated that "There are two kinds of emancipation, express and implied. Express emancipation takes place when the parent agrees with his child, who is old enough to take care and provide for himself, that he may go away from home and earn his own living, and do as he pleases with the fruits of his labor. Implied emancipation is where the parent, without any express agreement by his acts or conduct, impliedly consents that his infant child may leave home and shift for himself."

In this case there was no express emancipation of Carolyn Ann by her mother, and the evidence does not establish an emancipation by *implication*. Carolyn Ann did what is a commendable practice of many students; she substantially worked her way through college with part-time employment and financial aid obtained through scholarship funds. Her mother, as the head of her home, made the necessary financial statements to establish Carolyn Ann's qualification for financial assistance. She never abandoned her home with her mother but returned to it for holidays and occasional weekends. A parent having custody may give a minor child a license to work and retain its earnings, which is what occurred in this case. We see no particular significance to the fact that the mother did not contribute regularly to Carolyn Ann's maintenance while she was in college. If we are to speculate as to the reason it may have been that during that period the mother received no child support from appellant for Carolyn Ann. There was no breaking of the parent-minor child relationship in this case which would permit a finding of emancipation by implication.

Appellant has not met his burden of proof to establish emancipation, and the trial court correctly refused to quash the writ of execution.

The judgment is affirmed.

DOWD, P. J., and CRIST, J., concur.