Collette Y. ROYALL, Respondent,

v.

LEGISLATION AND POLICY DIVISION, BUREAU OF RETIREMENT INSURANCE AND OCCUPATIONAL HEALTH, Garnishee of Samuel Royall, Samuel Royall, Appellant-Intervenor.

No. 42365.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 9, 1980.

Evans & Dixon, Jeffry S. Thomsen, St. Louis, for appellant-intervenor.

Quinn & Ground, Paul E. Ground, Manchester, for respondent.

PUDLOWSKI, Judge.

Samuel and Collette Royall were divorced in the Circuit Court of St. Louis County on May 5, 1974. The Royalls' gave birth to six children, all of whom were minors at the time and for whom support provisions were made in the decree of dissolution. Under the terms of the decree, as corrected nunc pro tunc, Samuel was to pay $66.67 per month per child from May, 1974 through April, 1975, thereafter Samuel was to pay $70.83 per month per child. Samuel failed to pay the full amounts as ordered by the amended decree, and Collette garnished his federal pension. The Garnishee Bureau answered without raising any defenses. It has to date withheld the maximum sum permitted by 15 U.S.C. § 1673(b)(2) from Samuel's pension checks and is awaiting an order disposing of the funds so accumulated. Samuel intervened and moved to quash the garnishment. The circuit court, sitting without a jury, heard the testimony of Michel Royall, a son of Samuel and Collette, and accepted the parties' stipulation of additional facts. The trial court subsequently entered an order overruling Samuel's motion to quash the garnishment.

Petitioner's first contention is that the trial court erred in denying his motion to quash garnishment because his minor son Michel was emancipated.[1] Emancipation is

---

1. The trial court's order overruling appellant's motion to quash is an appealable order. *In re Marriage of Haggard*, 585 S.W.2d 480, 481 (Mo. banc 1979), *Nelson v. Nelson*, 516 S.W.2d 574, 577 (Mo.App.1974), *Carrow v. Carrow*, 294 S.W.2d 595, 597 (Mo.App.1956), § 512.020 RSMo 1978.

the "freeing of a child for all the period of its minority from the care, custody, control and service of its parents; the relinquishment of parental control, conferring on the child the right to its own earnings and terminating the parents' legal obligation to support it." *In re Marriage of Heddy*, 535 S.W.2d 276, 279 (Mo.App.1976). To accomplish emancipation the minor child must receive either express or implied consent of both parents, or the one having custody. The burden of proving emancipation is on the party asserting it as an affirmative defense. *Wurth v. Wurth*, 322 S.W.2d 745, 746 (Mo. banc 1959). In *Brosius v. Barker*, 154 Mo.App. 657, 136 S.W. 18, 19 (1911) it was explained that "[t]here are two kinds of emancipation, express and implied. Express emancipation takes place when the parent agrees with his child, who is old enough to take care and provide for himself, that he may go away from home and earn his own living, and do as he pleases with the fruits of his labor. Implied emancipation is where the parent, without any express agreement by his acts or conduct, impliedly consents that his infant child may leave home and shift for himself."

■ Because the instant case was court tried we are required to review both law and facts concerning Michel's emancipation. Due deference must be given to the trial judge's assessment of the credibility of witnesses. *In re Marriage of Heddy*, 535 S.W.2d at 278. However, if the trial court entered an erroneous judgment, it is our duty to render the correct judgment. *In re Marriage of Powers*, 527 S.W.2d 949, 954 (Mo.App.1975).

■ In the record before us there was no express emancipation of Michel Royall. Further, petitioner has not successfully borne his burden that there was implied emancipation. The record reveals that Michel was employed full time since age 18, that he retained for his personal use most of his earnings and made sporadic payments to his mother. Mere employment and re-

tention of earnings do not prove Michel was emancipated because the minor's ability to work and save money may be allowed under a license which the parent can revoke. *Biermann v. Biermann*, 584 S.W.2d 106, 108 (Mo.App.1979). Further, Michel's sporadic payments to his mother were too small and irregular to constitute payment of room and board. As Michel resided with his mother, regular room and board payments would have been made if the child was emancipated. *Wurth v. Wurth*, 322 S.W.2d at 747. Michel's contributions to his mother were in the nature of small gifts. The stimuli for these gifts apparently was simple charity and the fact that Collette was financially pressed due to Samuel's failure to make the ordered support payments. For the vast majority of time that Michel was employed he resided in and abided by the rules of his mother's household. She provided her son with a home, food, parental guidance and care. There was no severing of the custodial parent-minor child relationship in this case which would permit a finding of emancipation by implication.

Petitioner's second contention is that the trial court erred in denying his motion to quash execution and garnishment, because the evidence was that appellant was entitled to take credit on his child support arrearages for the times his minor children lived with and were directly supported by him. Respondent's assertion that a different issue was passed on below is without merit. The facts are stipulated that Marta Royall resided with her father, Samuel for nine months and that Michel Royall resided with Samuel for one month.

■ Generally, no credit is allowed for support paid other than as ordered by a divorce decree. Annot. 47 A.L.R.3d 1031 (1973). Of course the father always has the opportunity to present in court a claim to reduce or otherwise alter support payments in a motion to modify the order of support. Where a father must pay child support to his former wife, amounts he has given to or

spent on behalf of the children in her custody are not credits against arrearages owed. *Goeller v. Goeller*, 346 S.W.2d 545 (Mo.App. 1961). Equitable exceptions to this rule allow the father credit for direct support provided to the children under the compulsion of their circumstances or with the express or implied consent of their mother. *Meyer v. Meyer*, 493 S.W.2d 42 (Mo.App. 1973); *Stemme v. Stemme*, 351 S.W.2d 823 (Mo.App.1961). No compulsion of circumstances exists if the mother will provide the children a decent home when the father pays the support ordered. *Goeller v. Goeller*, 346 S.W.2d at 458–549. Further, it is well settled that if the mother permits the father to give the children money, but is not asked and is silent on whether the transfers substitute for support owed, and the circumstances of the children do not require the change in the mode of support, then no credit is allowed. *Stemme v. Stemme*, 351 S.W.2d 823, 825 (Mo.App. 1973). The scanty record before us is totally devoid of any facts showing or from which we could infer whether Collette remained silent or objected to the direct support provided by Samuel to Michel and Marta, in the form of allowing the children to reside in his household. "Under the circumstances it cannot be held that (Collette) was under a duty to protest or lose her rights under the (decree of dissolution). Rather it was (Samuel's) duty to pay (Collette) the amounts due or secure her consent to a different method of payment...." *Stemme v. Stemme*, 351 S.W.2d at 825. As stated above Sam also had the option to request a court to modify the order to pay support.

In our opinion the trial court did not err in overruling petitioner's motion to quash the garnishment.

Order affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.