In re the Marriage of Georgia M.
BLACK (Cole), Appellant,

v.

Clarence COLE, Respondent.

No. WD 32502.

Missouri Court of Appeals,
Western District.

Nov. 17, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Dec. 22, 1981.

Larry O. Denny, Kansas City, for appellant.

Respondent did not file brief.

Before MANFORD, P. J., DIXON and
NUGENT, JJ.

MANFORD, Presiding Judge.

Modification of decree of dissolution. This appeal is from a judgment in the form of an order declaring the child of the parties emancipated and the termination of child support payments. The judgment is affirmed.

Appellant has failed to comply with Rule 84.04 for failing to state why the circuit court erred. This court, nonetheless, has gleaned from the text of appellant's brief the appellant contends that the judgment was against the weight of the evidence. Respondent waived his right to file a brief because he failed to file same within the time allotted by Supreme Court Rule 84.05(a). By order of this court, this case is treated as fully briefed.

Review of this matter is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and the judgment is to be affirmed unless there is no substantial evidence to support it, unless the judgment is against the weight of the evidence, unless

the judgment erroneously declares the law or unless the judgment erroneously applies the law.

Our courts have declared that emancipation is the " 'freeing of a child for all the period of its minority from the care, custody, control, and service of its parents; the relinquishment of parental control, conferring on the child the right to its own earnings and terminating the parent's legal obligation to support it.' 67 C.J.S. Parent and Child § 86, page 811." *In re Marriage of Heddy*, 535 S.W.2d 276, 279 (Mo.App.1976).

 Emancipation can be accomplished by either expressed or implied consent of both parents or a custodial parent, *Wurth v. Wurth*, 322 S.W.2d 745, 746 (Mo. banc 1959). The instant record contains no evidence of express emancipation and the judgment entered was upon a finding of implied emancipation.

The child was born January 16, 1961 and is a high school graduate. He is employed full time and at the time of the hearing, had accumulated $300.00 in savings, had invested $450.00 in a nonfunctioning automobile, paid $30.00 per month for health/accident insurance, had made a $200.00 payment for automobile liability insurance, and paid $10–$20 per week to his mother for gas/transportation since his own automobile was inoperable. He testified that from his current earnings, he was capable of saving $50.00 per week. He expressed a desire to attend a trade school, but there was no evidence of any positive steps taken toward this training. The child testified he did not pay for his food or housing. Although appellant testified that she spends about $50.00 per week for food and $1,500.00 annually for clothing for the child, deference is, as it must be, given to the circuit court relative to the credibility of the witnesses, *Royall v. Legislation & Policy Division*, 610 S.W.2d 377, 379 (Mo. App.1980) and *Heddy, supra* at 278.

Appellant relies principally upon *Biermann v. Biermann*, 584 S.W.2d 106 (Mo. App.1979), but that case is found not controlling because the child in *Biermann* was working part time to help finance her college education. In *Biermann*, the court held that emancipation was not established under the evidence of that proceeding. In the instant case, the evidence reveals that the child was regularly employed with sufficient income to support himself, and he possessed the right to his own earnings.

The judgment herein does not lack substantial evidence to support it, it does not erroneously declare or apply the law and it is not against the weight of the evidence, *Murphy v. Carron, supra.*

The judgment is in all respects affirmed.

All concur.