**Gloria Jean VINSON, now known as Gloria Jean Alleman, Respondent,**

v.

**Marion L. VINSON, Appellant.**

**No. 43304.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 19, 1982.

Herbert D. Schaeffer, Clayton, for appellant.

Michael T. Londoff, Cundiff, Turken, Londoff & Drakesmith, St. Charles, for respondent.

REINHARD, Presiding Judge.

Husband appeals from an order of the trial court modifying the child support provisions of the dissolution decree. We affirm.

The parties' marriage was dissolved on February 8, 1974. Wife was awarded custody of the two children, Roger and Sharon, and husband was ordered to pay wife weekly child support of $20.00 per child. Portions of the decree were modified by order dated March 29, 1977, but the amount of the support order remained $20.00.

Husband initiated the present round of proceedings by filing a motion to modify on October 16, 1979. A change in circumstances was alleged to have resulted from Roger's graduation from high school and employment, as a consequence of which he was alleged to be able to support himself. Husband's prayer requested that the child support award with respect to Roger be eliminated.

Wife countered with her own motion to modify, based on these allegations of changed circumstances: (1) The award was no longer adequate due to the increased cost of living and (2) Husband's income had substantially increased.

After hearing evidence, the court denied husband's motion to modify, but granted wife's motion, ordering husband to pay $35.00 per week for support of Sharon and $25.00 per week for support of Roger.

Husband's first point on appeal states that the court erred "in failing to declare Roger Vinson emancipated ...." Although the issue of emancipation does not appear as such in husband's motion, the parties agree that the case was tried on that issue.

Roger Vinson was nineteen at the time of the hearing, and was living with his mother. He was employed and was making approximately $3.35 an hour. He earned over $6000 in 1979 and had earned over $3000 in 1980 prior to the hearing date, July 15. He had purchased a car, titled in his mother's name, and was making payments on it. He ate his meals at home when not working, and his clothes, with minor exceptions, were purchased by his mother. He made no contributions to the expenses of the home and paid no rent. He had graduated from high school in June of 1979 and had enrolled in the University of Missouri at St. Louis for the fall term of 1980.

Husband contends the above circumstances are sufficient to imply emancipation. Husband does not contend there is any express emancipation.

Emancipation means the relinquishment of parental control and the termination of the parental obligation to support, *In Re Marriage of Heddy*, 535 S.W.2d 276, 279 (Mo.App.1976), and requires the express or implied consent of the parent having custody. *Specking v. Specking*, 528 S.W.2d 448, 451 (Mo.App.1975). It confers on the child the right to retain his own earnings, *Marriage of Heddy*, 535 S.W.2d at 279, but the fact that a child is employed and retaining his earnings does not by itself establish that parental control has been relinquished or that the obligation to support has been terminated. The facts of this case establish only a license for Roger to work and retain his earnings. *Biermann v. Biermann*, 584 S.W.2d 106 (Mo.App.1979). There was no error in failing to declare Roger emancipated.

Husband also complains on appeal that the court erred in sustaining wife's motion to increase the child support. We have reviewed the record and find that the increase as to Sharon is supported by substantial evidence. There was evidentiary support for a finding of changed circumstances, required by § 452.370 RSMo. 1978, in that the child's needs had grown and the

cost of living increased. *Kieffer v. Kieffer*, 590 S.W.2d 915, 917 (Mo. banc 1979). Furthermore, husband's income had increased by an amount more than twice that of the increase in support.

■ Similar evidence as to the increased needs of Roger and the increased cost of living, as well as evidence of his enrollment in college, support a finding of changed circumstances with respect to Roger. Nevertheless the evidence of his earnings should have been taken into account as well. While the custodial parent may give a child a license to work and retain his earnings, those earnings should be considered as a factor in a child support modification. We have concluded that the evidence does not support the increase which was awarded with respect to Roger.

The prior award with respect to Roger is reinstated at $20 per week. In all other respects, the judgment is affirmed.

SNYDER and CRIST, JJ., concur.