Barbara A. RAPPLEAN (formerly Barbara Patterson), Appellant,

v.

Harold A. PATTERSON, Respondent,

and

McDonnell Douglas Corporation, Garnishee.

No. 44389.

Missouri Court of Appeals, Eastern District, Division Three.

March 23, 1982.

---

James J. Wilson, St. Louis, for appellant.

Joseph A. Fenlon, Jr., Clayton, for respondent.

CRIST, Judge.

Appellant (mother) sought to collect back child support from respondent (father) through a garnishment and execution on their marriage dissolution decree's child support provision. Father moved to quash the execution and garnishment on the ground the child was emancipated throughout the entire time the support arrearage is claimed to have accrued. The trial court sustained the motion and mother appeals. Affirmed.

A minor's emancipation results from his or her parents relinquishing parental control, *In re Marriage of Heddy*, 535 S.W.2d 276, 279 (Mo.App.1976); *Green v. Green*, 234 S.W.2d 350, 352 (Mo.App.1950), which may be inferred from a child's attaining a status or position inconsistent with remaining subject to parental care and control, *id.*, and from such things as parental acquiescence in the child's working for others, receiving its pay therefor, and spending the money as it pleases. *Wurth v. Wurth*, 322 S.W.2d 745, 746 (Mo.banc 1959); *and see: Black v. Cole*, 626 S.W.2d 397 (Mo.App. 1981).

The child for whom the back support is claimed was eighteen years old and a high school graduate when father stopped making support payments. Beginning six months earlier and continuing throughout most of the period during which the claimed support arrearage accrued, the child worked full-time and earned about $8,000.00 annually. Though the child lived with the mother and younger siblings, that seems to have consisted mainly of his checking in to sleep and for occasional meals which he frequently ate alone. Mother testified she had never known how much the child earned, and had never insisted he pay part of the household expenses. Rather, he spent his money as he pleased, using some of his wages to pay a large hospital bill and school expenses, and to make installment payments on a 1979 truck.

The trial court's finding that the child had been emancipated is supported by sufficient evidence and is not otherwise erroneous. When, as here, there is no agreement or provision otherwise, a child's emancipation terminates the provision for his support in a dissolution of marriage decree. Section 452.370(3), RSMo.1978; *Green v. Green*, 234 S.W.2d at 352.

Affirmed.

REINHARD, P. J., and SNYDER, J., concur.