**William Raymond BIERMANN,
Plaintiff-Appellant,**

v.

**Carolyn Joyce BIERMANN,
Defendant-Respondent.**

No. 46199.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 23, 1983.

**66**

David R. Spitznagel, Clayton, for plaintiff-appellant.

Carolyn Joyce Biermann, pro se.

KAROHL, Judge.

Plaintiff-appellant, William Biermann, appeals from an order denying a declaratory judgment in a case seeking to terminate child support at age eighteen. The same parties were before this court in *Biermann v. Biermann,* (*Biermann I*) 584 S.W.2d 106 (Mo.App.1979). We held there that appellant was obligated to pay child support under the 1971 divorce decree until the children reached age twenty-one. William here argues that a post-*Biermann I* legislative change in Chapter 475—Guardianship reduced the age of majority to eighteen and asserts that the same age should control under Chapter 452—Dissolution of Marriage, Divorce, Alimony and Separate Maintenance.[1] Appellant also maintains that requiring payment of child support to age twenty-one violates his equal protection rights because although adult children are not required to support their parents, *Howlett v. Social Security Commission,* 347 Mo. 784, 149 S.W.2d 806, 810 (Mo.banc 1941), parents are required to support their adult children. As both of appellant's points fail, we affirm.

There is no statutory definition of minor children in Chapter 452. Nor was it defined under the repealed divorce law. As a result, the age at which child support automatically terminates in divorce and dissolution cases has been established by case law. We held in *Biermann I:*

> [a]bsent a showing of emancipation, the obligation of appellant under the decree of divorce for child support did not termi-

---

1. The defendant appeared specially and contested the trial court's jurisdiction. She pleaded that the matters alleged in the petition were decided in *Biermann I.* No motion based upon Rule 55.27(a)(10) was made nor has it been argued that appellant's cause of action was in the nature of a motion to modify child support by termination. § 452.370 RSMo 1978.

nate as to each child until that child reached the age of twenty-one years. 584 S.W.2d at 107. To the same effect see pre-Biermann cases, *Block v. Lieberman,* 506 S.W.2d 485 (Mo.App.1974); *State ex rel. Kramer v. Carroll,* 309 S.W.2d 654, 659 (Mo. App.1958), and post-Biermann cases, *Colabianchi v. Colabianchi,* 646 S.W.2d 61 (Mo. banc 1983); *In re Marriage of Lathem,* 642 S.W.2d 694, 701 (Mo.App.1982); *Orth v. Orth,* 637 S.W.2d 201, 205 (Mo.App.1982); *In re Marriage of Goodrich,* 622 S.W.2d 411, 413 (Mo.App.1981); and *Bushell v. Schepp,* 613 S.W.2d 689, 691 (Mo.App.1981).

Appellant argues that the changes in the guardianship statutes subsequent to *Biermann I* have changed the age of majority and hence the mandatory age for child support. In 1979 the legislature defined a minor, specifically for purposes of Chapter 475, to be "any person who is under the age of eighteen years." § 475.010(4) RSMo Supp.1982. The legislature has never defined minority as applied to Chapter 452. Appellant argues, however, that the related terms, "adult," "minor," "children," and "infant" have, by implication, been defined by the definition made in Chapter 475 and other legislative changes since *Biermann I.* Citing *Martin v. Martin,* 539 S.W.2d 756, 757 (Mo.App.1976) for the proposition that divorce courts do not have jurisdiction to order parents to support their adult children, appellant argues that the support decree cannot require a parent to support an adult child, i.e., those over eighteen. The adult child in *Martin* was twenty-one years of age.

Appellant's argument fails because no part of the dissolution statute defines the above terms. Throughout our statutes there are numerous definitions of these terms.[2] In each such statute, the definition is limited in application to the chapter in which the definition appears. The fact that an eighteen year old can convey real estate (§ 442.010(1)), enter into contracts (§ 431.055), obtain a marriage license (§ 451.090(2)) and bring suit in his own name (§ 507.115) does not establish that age eighteen is the demarcation of majority for all purposes. Eighteen is not the age of majority in the application of Chapter 452 or for the purchase of alcoholic beverages. § 312.400. *Biermann I,* 584 S.W.2d at 107.

■ Case law is not overruled by subsequent statutory changes unless the changes are directed specifically to the subject matter of the judicial interpretation. See *Bushell v. Schepp,* 613 S.W.2d 689, 691–92[3] (Mo.App.1981); *State v. Milan, C–II School District, Sullivan County,* 446 S.W.2d 768, 771 (Mo.1969). The legislative definitions or re-definitions of the age of majority post-*Biermann I* were not specifically directed to child support. We hold that the age of majority for child support remains the date of emancipation or age twenty-one.

■ Appellant's argument is unavailing for the further reason that any post-*Biermann I* legislative change would not apply to him, absent a clear provision in a new statute directed to existing decrees. The law in effect at the time of the divorce decree governs the terms of the decree. *Hubbard v. Hubbard,* 264 S.W. 422, 423 (Mo.App.1924). See *Monticello v. Monticello,* 271 Md. 168, 315 A.2d 520, 523 *cert. denied,* 419 U.S. 880, 95 S.Ct. 145, 42 L.Ed.2d 121 (1974). At the time of the

---

2. See e.g., § 210.700(1) (effective 1982) "Child" shall mean a person under the age of 18 . . .; § 210.481(1) (effective 1982) "Child," any individual under 18 years of age; § 211.021 "Child" means a person under seventeen years of age; § 211.442 "Minor," any person who has not attained the age of 18 years; § 404.010(1) "Adult" is a person who has attained the age of 21 years; § 404.010(13) "Minor" is a person who has not attained the age of 21 years; § 453.015(1) (effective 1982) "Minor" any person who has not attained the age of 18 years; § 475.010(4) (effective August 6, 1979) A "minor" is any person who is under the age of 18 years; § 507.115 "Infant" means any person who has not attained the age of 18 years; § 573.010(7) "Minor" means any person under the age of 18; § 568.040(1) makes it a crime for a parent to provide inadequate support for a minor child. Minor is not defined. Prior to amendment in 1973 the statute required support to age 16. Comments to the current code, but not the code, define minor as persons under 21.

Biermann divorce decree, in 1971, the age of majority was twenty-one.

 Appellant's equal protection argument also fails. As noted above, for the purpose of child support an eighteen year old is a child and not an adult. To prevail on an equal protection argument appellant must show there is invidious discrimination between persons of the same class. *King v. Swenson,* 423 S.W.2d 699, 705 (Mo.banc 1968). As children and adults are not members of the same class, there is no violation of appellant's equal protection rights in requiring him to support his children, as defined by case law in divorce or dissolution cases, until marriage, emancipation or age twenty-one even though they are not required to support him. *See Howlett v. Social Security Commission,* 347 Mo. 784, 149 S.W.2d 806, 810 (Mo.banc 1941).

Judgment affirmed.

SIMON, P.J., and STEPHAN, J., concur.