Billie Luther BARKS, Respondent,

v.

Judith BARKS, Appellant.

No. 48615.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1985.

Rodolfo Rivera, Clayton, for appellant.

Loyd R. Brinkman, Arnold, for respondent.

REINHARD, Judge.

Husband appeals the denial of his motion for modification of his child support obligations under a dissolution decree. We affirm.

The parties' marriage was dissolved in November 1979, and legal custody of their two children was awarded to the wife. Husband was ordered to pay $50 per week for the support of 15-year-old daughter Tammy Barks. No child support was ordered for son Jeffrey Barks, who was 19 years old at the time.

On December 6, 1982, husband filed a motion to modify the dissolution decree, requesting that his child support obligation be terminated because the daughter had become emancipated. Wife filed a reply requesting dismissal of the motion and an award of her attorney's fees.

A hearing was held on March 22, 1983. The evidence showed that the daughter had previously earned $578 per month. She testified that she was 19 years old, still lived with the mother, and worked as a waitress. She had bought an automobile and was making monthly payments of $207.74. She did not contribute to food or clothing expenses; the mother paid for these items. The daughter further stated she had savings of $7,300 that had been given to her as a child, and she currently saved approximately $60 per month. She intended to enroll in a nine-month dental assistant school. Her mother enforced a curfew of 10:00 p.m. on weeknights and 12:00 p.m. weekends. At the close of the hearing, the trial court overruled husband's motion.

Husband's sole point relied on is:

The court erred and abused its discretion in not declaring Tammy Barks emancipated as of her 18th birthday in that such was against the weight of the evidence and against the weight of the case law since Tammy Barks was earning her own livelihood and retained her earnings for her own use.

On review, we will affirm the judgment of the trial court unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Husband has the burden of proving emancipation; it is never presumed. *French v. French*, 599 S.W.2d 40, 41 (Mo. App.1980).

Emancipation means the relinquishment of parental control, and it terminates the parental obligation to support. *In Re Marriage of Heddy*, 535 S.W.2d 276,

**52**

279 (Mo.App.1976). Consent of the custodial parent, either express or implied, is a prerequisite to emancipation. *Vinson v. Vinson*, 628 S.W.2d 376 (Mo.App.1982). "The fact that a child is employed and retaining his earnings does not by itself establish that parental control has been relinquished or that the obligation to support has been terminated." *Id.* at 377.

Although there is no express emancipation here, husband contends the facts imply wife's consent to emancipation. He relies on *Black v. Cole*, 626 S.W.2d 397 (Mo.App. 1981), to support his contention. In that case, the child was a high school graduate who earned sufficient income to support himself. He retained control over his earnings, but lived with his mother who testified she paid for his food and clothing. The trial court found that the child was emancipated. Noting that the trial court was free to disbelieve the mother's testimony, the Western District found there was substantial evidence to support the judgment.

However, in *Vinson v. Vinson*, 628 S.W.2d 376 (Mo.App.1982), the trial court refused to declare a child emancipated in circumstances similar to the present case. There the child was nineteen years old and earned over $6000 per year. He lived with his mother, and she paid for his food and clothing. He had enrolled in a college. On appeal, this court affirmed the trial court.

■ Here, as in *Vinson*, the trial court's determination is supported by the evidence. Although the daughter was earning money and spending it on her own behalf, she testified that she still followed her mother's advice. She obeyed a curfew, intended to enroll in a school, and still depended on her mother for food and clothing. We find the holding in *Vinson* applicable to this case. There was no error in failing to declare the daughter emancipated.

Affirmed.

DOWD and CRANDALL, JJ., concur.