Richard Allen McBRIDE,
Petitioner-Respondent,

v.

Joyce Audrey McBRIDE,
Respondent-Appellant.

No. 50100.

Missouri Court of Appeals,
Eastern District,
Division One.

March 25, 1986.

Nicholas Glen Higgins, Clayton, for respondent-appellant.

Hardy C. Menees, Clayton, for petitioner-respondent.

SMITH, Judge.

The former wife appeals from the judgment of the trial court denying her an increase in maintenance, denying her attorney's fees and giving husband credit on his admitted arrearages of child support and maintenance for automobile payments made on behalf of the children.

The wife failed to establish a basis for an increase in maintenance. Husband's income had risen substantially since the dissolution but so had the wife's. In addition, wife has two emancipated employed children residing with her who make only minimal contributions to the family finances. So too, we find no error in the court's refusal to award the wife attorney's fees. Under our standard of review established by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) we are unable to conclude that these aspects of the judgment are erroneous.

The court erred, however, in allowing the husband credits for car payments made by him for the benefit of the children. The general rule in this state is that no credit is allowed for support paid other than as ordered by the dissolution decree. It is the privilege and responsibility of the custodial parent to determine how the monies awarded for support are to be utilized. Exceptions, arising from equitable considerations, exist where direct support to the children is provided with the express or implied consent of the custodial parent that such support is in lieu of the decreed support or where such support is provided under the "compulsion of circum-stances." *Anderson v. Anderson*, 684 S.W.2d 942 (Mo.App.1985) [1, 2]; *Royall v. Legislation and Policy Division*, 610 S.W.2d 377 (Mo.App.1980) [6–9].

There is no evidence in this record that any "compulsion of circumstances" existed for the payments made by the father. Both parties testified that the mother was aware of the payments but both also testified that she did not consent to those payments being in lieu of the ordered support. The trial court erred in allowing the car payments as credits against the admittedly unpaid child support awards.

If the parties had seen fit to file the exhibits with this court we could enter the award the trial court should have entered. They did not choose to do so and we must therefore remand for the trial court to correctly determine the husband's arrearage. We note in passing that the wage assignment ordered by the trial court provides for reduction of the arrearages found at the rate of $25 per month. Even on the basis of the incorrect arrearages found such a schedule would require over 21 years to satisfy the principal debt due. The debt accrued in approximately three years and it seems reasonable that it should be satisfied in a similar time frame. On remand if the trial court establishes a payment schedule for the arrearages in lieu of execution, that schedule should provide for an expeditious payment of the debt.

Judgment on modification of maintenance and attorney's fees affirmed. Judgment granting credit on arrearages reversed and remanded for further proceedings.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.