**Beverly L. MUHLHAUSER, Respondent,**

v.

**Richard O. MUHLHAUSER, Appellant.**

**No. 53334.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1988.

Respondent's Motion for Rehearing Denied July 20, 1988.

Appellant's Motion for Rehearing and/or Transfer to Supreme Court Denied July 20, 1988.

Thomas J. Frawley, St. Louis, for appellant.

Douglas R. Beach, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Richard O. Muhlhauser (hereinafter referred to as Husband) appeals from a decree entered by the Circuit Court of St. Louis County in favor of Beverly L. Muhlhauser (hereinafter referred to as Wife). Husband raises two points on appeal. First, he maintains the trial court erred when it concluded Husband's interest in certain marital property reverted to Wife. Second, he contends the trial court erred when it held Husband's payments toward the education of the parties' daughter did not satisfy his obligation to pay maintenance and child support under the decree of dissolution. We reverse in part and affirm in part.

The record reveals that on April 16, 1983, Husband and Wife, pending a hearing and determination as to the dissolution of their

marriage, entered into a stipulation with regard to their respective rights and duties pertaining to child support, maintenance and the division of marital property. The stipulation provided Husband pay Wife child support in the amount of $100.00 per month and maintenance as follows: (a) $650.00 per month for forty-eight months, (b) $750.00 per month for the following twelve months, and (c) $350.00 per month for the following sixty-one months. In addition, Husband agreed to transfer his interest in the parties' residence to Wife, in exchange for Wife's payment of $5,000.00 at the time of entry of the dissolution decree and her additional payment of thirty-one percent of the residence's equity within sixty months of the dissolution decree. The stipulation further stated, "Maintenance shall be contractual and shall not terminate upon remarriage or increased employment or *penalty* executed as per paragraph six." (emphasis supplied) Paragraph six states:

> [I]n the event that [Husband] fails to make payment to [Wife] of said maintenance or child support and shall be in arrears for forty-five (45) days, then [Husband's] interest in said residence ... shall revert to [Wife] and [Husband] shall lose [his] 31% interest in said property to [Wife].

On April 22, 1983, the parties were divorced pursuant to a decree of dissolution, which decree incorporated the stipulation. Wife then paid Husband $5,000.00 and received a quit claim deed to the parties' residence from Husband. Husband paid Wife $650.00 in maintenance on May 29, 1983, and again on June 6, 1983; Husband made no other maintenance payments. Husband also made two child support payments in the amounts of $100.00 on May 29, 1983, and June 6, 1983; he made no other voluntary child support payments. Wife brought suit in December 1985. The trial court on May 12, 1987, held, as Husband's maintenance and child support payments were in arrears in excess of forty-five days, Husband's interest in the residence reverted to Wife, and the court ruled Husband was obligated to pay Wife $38,-526.50 in back due maintenance and $4,077.92 in back due child support.

At the outset, this court notes the appropriate standard of review. We must affirm the trial court's decree if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares or applies the law. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App., E.D.1982).

In his first point, Husband alleges it was error for the trial court to hold Husband's interest in the parties' residence reverted to Wife; specifically, he argues that paragraph six of the stipulation agreement, quoted above, is unenforceable. Initially, this court recognizes it is proper for parties to a divorce action to enter into an agreement so as to determine their property rights growing out of the marriage, including maintenance and child support. *Toth v. Toth*, 483 S.W.2d 417, 422 (Mo.App., E.D. 1972). A husband and wife may settle all property rights emanating from the marital relation by means of a valid contract executed in contemplation of divorce. *North v. North*, 100 S.W.2d 582, 584 (Mo.1936). However, although the parties are permitted to enter into such a contract, they are not permitted to determine, except within narrow limits, what remedial rights will be provided should a breach of the contract occur. *See* J. Calamari & J. Perillo, *The Law of Contracts* 564 (2nd ed. 1977). For, it is the State which is generally charged with providing remedies; public, rather than private, law defines remedies. *Id.*

As paragraph six of the stipulation agreement sets forth a remedy in the event Husband's maintenance and child support payments fall in arrears, we scrutinize that provision in order to ascertain whether it comes within the limited confines in which parties to a contract may specify remedies. Missouri adheres to the general principle that a remedial provision setting forth liquidated damages is valid and enforceable, while a clause providing for a penalty is not. *Grand Bissell Towers v. Joan Gagnon Enterprises, Inc.*, 657 S.W.2d 378, 379 (Mo.App., E.D.1983). Liquidated damages measure compensation for a contract breach. A penalty provision

specifies a punishment for default. *Goldberg v. Charlie's Chevrolet*, 672 S.W.2d 177, 179 (Mo.App., E.D.1984).

Although the parties designated the provision contained in paragraph six of the stipulation as a penalty, the use of the word does not conclusively establish that the provision constitutes a penalty, rather than liquidated damages. *Jennings v. First National Bank of Kansas City*, 225 Mo.App. 232, 30 S.W.2d 1049, 1052 (W.D.1930). A contractual clause is valid and enforceable if the amount fixed as damages is a reasonable forecast for the harm caused by the breach and the harm is of a kind which is very difficult to accurately estimate. *Id.* In considering the stipulation agreement before this court, we need not inquire as to whether paragraph six constitutes a reasonable forecast of the harm caused by the breach, as the provision clearly fails the second requirement for liquidated damages. For, the harm caused by Husband's default on the contract, by way of failing to make maintenance and child support payments, was easily capable of accurate estimation. Furthermore, in determining whether an agreement sets forth a penalty or liquidated damages, this court looks to the intention of the parties as gleaned from a consideration of the contract as a whole. *Yerxa, Andrews & Thurston, Inc. v. Randazzo Macaroni Manufacturing Co.*, 315 Mo. 927, 288 S.W. 20, 33 (1926). Paragraph six of the stipulation states Husband shall lose his interest in the residence upon falling in arrears for forty-five days on either maintenance or child support payments. Thus, should Husband default on one payment, he loses his entire thirty-one percent interest in the residence; such a provision clearly does not measure compensation for breach but rather provides a punishment. Therefore, this court holds the penalty provision invalid and unenforceable. We reverse the trial court's ruling insofar as it provides that Husband's interest in the residence reverted to Wife.

In his second point, Husband argues the trial court erred when it held Husband's payments for the educational expenses of the parties' daughter were not made pursuant to the dissolution decree;

he maintains he is entitled to a credit against the amount owed in past due maintenance and child support. However, no credit is allowed for support paid other than as ordered in a dissolution decree. *McBride v. McBride*, 708 S.W.2d 738, 739 (Mo.App., E.D.1986). It is the privilege and responsibility of the custodial parent to determine how the sums awarded for support are to be utilized. *Id.* Limited exceptions to this general rule exist where direct support to children is provided with the express or implied consent of the custodial parent that such support is in lieu of the decreed support or where the direct support is provided under the "compulsion of the circumstances." *Id.* The record is devoid of any suggestion that Husband's direct support fell within either of these two exceptions. *See also Royall v. Legislation & Policy Division*, 610 S.W.2d 377, 380 (Mo.App., E.D.1980). This point is denied.

The trial court's order insofar as it holds Husband's interest in the residence reverted to Wife is reversed; the trial court's order insofar as it holds Husband obligated to pay Wife $38,526.50 in past due maintenance and $4,077.92 in past due child support is affirmed.

REINHARD and CRIST, JJ., concur.