Victor ORLOWSKI, Appellant,

v.

Gail ORLOWSKI n/k/a
Stefaniak, Respondent.

No. 54437.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 27, 1988.

Edward Bruce Nangle, St. Louis, for appellant.

Gail Orlowski, Florissant, pro se.

CRIST, Judge.

Father appeals the denial of his motion to modify a 1976 dissolution decree. We affirm.

Father and mother had four children. The three oldest children became twenty-one years of age in 1983, 1985 and 1986. When the modification hearing was held on July 9, 1987, only the fourth child, Julie, had not yet reached twenty-one years of age. She will become twenty-one years old on June 23, 1989.

In his petition for modification, father pled Julie was emancipated at age eighteen, thus he was then relieved of his obligation to pay support. At trial, father attempted to also introduce evidence that his oldest daughter, Lisa, was emancipated at age eighteen, thus he overpaid support for the period between Lisa's eighteenth and twenty-first birthdays. The court sustained mother's objection to the introduction of this evidence because it was outside the scope of the pleadings.

Father asserts the trial court erred in not finding Julie had been emancipated, thereby relieving his obligation to pay support. Father had the burden to prove Julie was emancipated; it is never presumed. *Barks v. Barks,* 686 S.W.2d 50, 51[1] (Mo.App. 1985). Julie was attending college in Florida full time. She lived with her mother during summer vacation and over the Christmas holidays. That Julie was employed during the summer and received salary year round from her father's company does not here prove emancipation, but is merely proof of a license to work and retain her earnings. *Vinson v. Vinson,* 628 S.W.2d 376, 377[2, 3] (Mo.App.1982). There was substantial evidence for the court to find that Julie was not emancipated. *Id.; Biermann v. Biermann,* 584 S.W.2d 106, 108[7, 8] (Mo.App.1979).

Father asserts the trial court erred in failing to credit him for support paid on behalf of Lisa after her eighteenth birthday. The issue of Lisa's alleged emancipation was not raised in father's motion to modify, nor was it raised by mother's counter-motion for contempt for unpaid maintenance. This point is denied.

The judgment is supported by substantial evidence and is not against the weight

of the evidence. No error of law appears. An extended opinion would have no precedential value.

Affirmed in accordance with Rule 84.-16(b).

CRANDALL, P.J., and REINHARD, J., concur.