Janet K. **BOLLINGER** and William R. **Rapps, Director, Missouri Division of Child Support Enforcement, Plaintiffs– Appellants,**

v.

Randy Wayne **BOLLINGER,**
**Defendant–Respondent.**

No. 16140.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 10, 1989.

Janet Garrett, Springfield, for plaintiffs-appellants.

No appearance for defendant-respondent.

HOLSTEIN, Chief Judge.

This is an appeal from a modification of a child support decree. Appellant Janet K. Bollinger and respondent Randy Wayne Bollinger were formerly husband and wife. During their marriage two children were born. The birth date of the younger child, a daughter, was June 12, 1970. The couple was divorced on January 8, 1973. The original order of child support was modified in 1975 and again in 1984. The 1984 modification decree provided that respondent was to pay $125 per month per child until the children reached the age of majority or were emancipated, whichever occurred first.

The younger child, who resides with Mrs. Bollinger, dropped out of high school in December of 1987. The explanation given was that she had been held back a year in the first or second grade, and that she was so far behind in her studies that she would have to attend school year-round and still not graduate until she was 20 or 21. Mrs. Bollinger believed that the easiest and best way for the child to get a high school diploma would be through an adult basic education program. According to Mrs. Bollinger, the daughter first considered enrolling in the program in April of 1988. However, due to a knee problem, she did not actually enroll in the program until September of 1988, after the present action was commenced. The child has never been married and never been a member of the military service. She was employed at a fast food restaurant for about two months commencing in January 1988, but has not worked since.

After August 13, 1988, respondent ceased paying child support. Mrs. Bollinger sought the assistance of the Missouri Division of Child Support Enforcement, which in turn issued an order for respondent's employer to withhold and pay over wages to the circuit clerk to be applied to child support as provided in § 454.505.[1] Respondent filed a motion to quash the order and a motion to modify the decree of child support. The basis of the motion seeking modification of the decree of child support regarding the younger child was that she had "attained the age of majority in that she is now 18 years of age, is not attending any institution of secondary or post-secondary education and is not physically or mentally incapacitated."

A hearing was held on October 14, 1988, and a judgment modifying the decree regarding support was entered on December 20, 1988. The trial court made findings of fact and conclusions of law which included the following: "That effective August 13, 1988, Section 452.340.3(5) RSMO, the age of emancipation for minor children in the state of Missouri has been 18 years of age subject to the exceptions enumerated in that statute." The court also found that the minor child's attendance in the adult basic education program "does not constitute attending a institution of secondary or post-secondary education as contemplated by Section 452.340.3(5)" and that the younger child was not physically or mentally incapable of self-support. Based on those findings and conclusions, the trial court terminated respondent's duty of support retroactive to the date of filing the

1. Unless otherwise indicated, references to statutes are to RSMo Supp.1988.

present application to modify child support. Mrs. Bollinger appealed. Mr. Bollinger has not filed a brief.

As we understand appellants' first point, it claims § 452.340, as amended effective August 13, 1988, is inapplicable to this case. Appellants' argument cites two reasons why the statute is inapplicable. The primary reason is that because the support order predated the effective date of the statute and was a vested right, to apply the statute would improperly give the statute a retroactive effect. A second reason found in the argument is that the 18–year old child "had not completed high school, ... was not married, not a member of the armed forces, not working full time, not self-supporting and ... resided with the mother, ... and was under the care and control of the custodial parent." We agree the statute is inapplicable, but we need not reach the issue of whether the statute has been applied retroactively.[2]

Prior to August 13, 1988, the case law and statutes were clear that the duty to pay child support terminated when the child reached age 21 or sooner became emancipated. *In re Marriage of Hughes*, 734 S.W.2d 280, 281 (Mo.App.1987); *Biermann v. Biermann*, 657 S.W.2d 65, 67 (Mo.App.1983); § 452.370.3, RSMo 1986.

Under the case law prior to August of 1988, the legal concept of emancipation was defined as the freeing of a child for all periods of his or her minority from the care, custody, control, and services of parents and the relinquishment of parental control which confers on the child a right to his or her own earnings. *In re Marriage of Hughes*, 773 S.W.2d 897, 899 (Mo.App. 1989). Emancipation was accomplished in any one of three ways: (1) express parental consent, (2) implied parental consent, or (3) a change in the child's status in the eyes of society, for example, by marriage or entry in the military service. *Bopp v. Bopp*, 671 S.W.2d 348, 351 (Mo.App.1984). Emancipa-

tion was not established by a child's election not to complete his or her education. *Brundige v. Marcum*, 694 S.W.2d 891, 897 (Mo.App.1985). The child's employment and retention of earnings did not per se establish emancipation. *In re Marriage of Hughes*, 773 S.W.2d at 899.

Effective August 13, 1988, § 452.340 was amended. The amendment in some respects codified the case law previously noted. The relevant provisions are as follows:

3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:

(1) Dies;

(2) Marries;

(3) Enters active duty in the military;

(4) Becomes self-supporting, provided that the custodial parent has relinquished the child from parental control by express or implied consent; or

(5) Reaches age eighteen or graduates from a secondary school, whichever later occurs, unless the provisions of subsection 4 or 5 of this section apply.

4. If the child is physically or mentally incapacitated from supporting himself and insolvent and unmarried, the court may extend the parental support obligation past the child's eighteenth birthday.

5. If the child is attending an institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs. If the child is attending such a school, the child or obligated parent may petition the court to amend the order to direct the obligated parent to make the payments directly to the child.

The statute was part of a comprehensive

2. For discussion of the principles of the retroactive application of the statute in the context of the applicability of the 1988 revisions of the Missouri Child Support Statute to orders of sup-

port predating the effective date of the statutory revisions, *see* L. Guevel, *Child Custody and Support: An Analysis of Missouri Law and the*

package of legislation[3] relating to child support and custody. Some provisions of pre-existing statutes were reenacted. Among those was § 452.370.3 which provided that a duty to pay child support terminates upon emancipation. Also provisions of Chapter 454 relating to child support enforcement were adopted, including reenactment of § 454.460. It provided that as used in §§ 454.460 to 454.520, a "dependent child" was defined as "any person under the age of twenty-one who is not otherwise emancipated, self-supporting, married, or a member of the armed forces of the United States." No definitions of "child" or "emancipation," as those words are used in Chapter 452, appear in any of the new legislation.

From what has been said, the new legislation clearly authorizes courts to impose a duty to support children who are not incapacitated up to age twenty-two in specified circumstances. However, the statutes stop short of terminating a duty of support solely because a child reaches his eighteenth birthday. With exceptions not applicable here, § 452.340.3(5) terminates the duty to support upon the *later* occurrence of a child's graduation from high school or eighteenth birthday. The statute is silent regarding the termination of a duty to support a child who has reached his eighteenth birthday, but who is neither enrolled in nor graduated from a secondary school. The only conceivable means to reach the result of the court below is to construe "graduated from a secondary school" to mean "not enrolled in a secondary school."

The rules of statutory construction are well established. When interpreting statutes, the primary object is to ascertain the intent of the legislature from the language used and give effect to that intent. *Springfield Park Central Hosp. v. Director of Revenue,* 643 S.W.2d 599, 600 (Mo.1983). Words used in the statute are considered in their plain and ordinary meaning. *Id.* Where language of the statute is clear and unambiguous, there is no room for construction. *Metro Auto Auc-*

*tion v. Director of Revenue,* 707 S.W.2d 397, 401 (Mo. banc 1986).

There is no apparent ambiguity in § 452.340.3(5). It provides that one method by which a parent's duty to pay support terminates is the happening of the later of two events. One of those events is the child's graduation from a secondary school. On the record in this case, the later event has yet to occur. None of the other circumstances provided in § 452.340 authorizing termination of a parent's duty to pay child support were pleaded or proved. Therefore, that statute provides no basis for granting modification.

There is no purpose in engaging in a discussion about whether the legislature intended to terminate a duty of child support at age eighteen if the child was not enrolled in school or whether the legislative policy simply recognized that children without a secondary education may require support longer than those who graduate from such schools. Regardless of the unstated legislative policy, courts should not resort to rewriting or amending statutes to make them conform to the judge's concepts of wise public policy.

Lest there be any misunderstanding, this opinion does not undertake to say when respondent's duty to support his daughter terminates. It is sufficient to say that under the facts as pleaded and proved, he has not established any cause of action justifying a modification or termination of his duty to support the younger child.

The parties stipulated that the older of the two children was emancipated. That portion of the decree is affirmed. However, the portion of the judgment modifying and terminating respondent's duty to support the younger child is reversed.

CROW, P.J., and GREENE, J., concur.

---

*Child's Best Economic Interest,* 57 U.M.K.C. L.Rev. 289, 308 (1989).

3. H.B. 1272, H.B. 1273 and H.B. 1274, Laws, Mo.1988, p. 951.