Carl A. ARNETT and June Arnett,
Plaintiffs-Respondents,

v.

C. E. KEITH and Marie Keith,
Defendants-Appellants.

Carl A. ARNETT, Plaintiff-Respondent,

v.

C. E. KEITH, Defendant-Appellant.

Nos. 10423, 10431.

Missouri Court of Appeals,
Southern District.

May 29, 1979.

Joseph A. Bohrer, John D. Compton, Neale, Newman, Bradshaw & Freeman, Springfield, for defendants-appellants.

William H. McDonald, David L. Smith, Woolsey, Fisher, Clark, Whiteaker & Stenger, Springfield, for plaintiff-respondent.

Before HOGAN, P. J., STONE, Acting Senior Judge, and GRIMM, McHANEY and STEELMAN, Special Judges.

HOGAN, Presiding Judge.

These appeals arise out of a single transaction—the sale of a business called the Urbana Sales Barn, and the land on which the business is located. The sale was consummated by the execution of two contracts, one written, the other oral. The written contract is a contract for a deed to a one-half interest in a tract of land on which the business is located. The oral contract covered the sale of the "business,"[1] plaintiff Carl Arnett's interest in the equipment used in the business, the "goodwill" of the business, and possibly a restaurant.

Plaintiffs declared first upon a check in the amount of $12,500, which, according to their proof, represented the balance due upon the oral contract. A further action was filed upon the written contract. In the action upon the written contract, plaintiffs incorporated the contract by reference, averred that defendants were in default, and prayed an order declaring the earnest money ($5,000) forfeit, the contract void by reason of default, an allowance of $830 per month for the 7-month period defendants had held over, and an order quieting their title to the realty described in the contract for deed.

Upon plaintiffs' motion, the two cases were consolidated. On the day finally set for trial, defendant C. E. Keith appeared without counsel. Observing that he had several times advised Mr. Keith to be prepared, the court proceeded to trial. Plaintiffs' evidence was presented by counsel. Defendant C. E. Keith, with some assistance from the trial court, defended himself. After hearing evidence, the trial court granted plaintiffs the relief for which they had prayed. Defendants Keith now appeal. They raise two points:

1) The trial court erred in compelling them to proceed to trial because they were not notified of their counsel's withdrawal until nine days before trial, were not allowed a reasonable time to secure counsel, and were therefore deprived of due process of law.

2) The trial court erred in entering judgment against plaintiffs based upon a rental value of the real property in excess of the amount agreed to in the contract for deed.

■ We review only those errors properly developed in the defendants' brief. *Pruellage v. DeSeaton Corporation*, 380 S.W.2d 403, 405[3] (Mo.1964); *White v. Kuhnert*, 207 S.W.2d 839, 840[1] (Mo.App. 1948). We are not convinced that any real "due process" question is involved on this appeal, and we decline to consider the defendants' argument that they were deprived of a constitutionally protected right. The general rule is that constitutional issues must be raised at the earliest opportunity consistent with good pleading and orderly procedure, *Christiansen v. Fulton State Hospital*, 536 S.W.2d 159, 160[1] (Mo. banc 1976); *Pruellage v. DeSeaton Corporation, supra*, 380 S.W.2d at 405[2], and the notion that a constitutional question may inhere in a case has been consistently rejected. *Christiansen v. Fulton State Hospital, supra*, 536 S.W.2d at 160[3]. The judgments complained of were entered June 12, 1976. Defendants obtained most competent counsel in time to appeal on July 9 and 16, 1976. With deference, we believe that if counsel were convinced there was error of constitutional dimension in compelling defendants to go to trial, that point might have been raised in the trial court by an adjunctive motion. Cf. *J. R. Watkins Company v. Hubbard*, 343 S.W.2d 189 (Mo.App. 1961); *In re Jackson's Will*, 291 S.W.2d 214 (Mo.App.1956).

■ We view the question before us as requiring a determination whether the trial court abused its discretion. The fact that an attorney withdraws from a case does not give a party an absolute right to a continuance. *Harms v. Simkin*, 322 S.W.2d 930, 933[4] (Mo.App.1959); Annot., 48 A.L.R.2d

---

1. Referred to in the record only as the "sale barn."

1155, 1157–1159, § 2 (1956). The decision whether to grant or deny a continuance rests largely in the discretion of the trial court, and on appeal, every intendment is in favor of the trial court's ruling. *Harms v. Simkin, supra,* 322 S.W.2d at 933; *Savings Finance Corp. v. Blair,* 280 S.W.2d 675, 678[7] (Mo.App.1955). The defendants make much of the fact that their attorney of record filed an application to withdraw only nine days before trial, and that motion was never formally ruled. Nevertheless, defendant C. E. Keith said he knew five days before trial that his counsel had withdrawn, and what is much more illuminating, testified that he had "quit going" to see his attorney, inferably some time before the trial. Also revealing, in our view, is Mr. Keith's testimony that he had given his attorney of record a personal check for $5,000, but did not know to which contract, the written or oral contract, the check had been credited.

■ In addition, at the time the cases were called for trial, the trial court stated—and we readily accept his statement—that he had advised Mr. Keith to be prepared on three different occasions prior to trial. The trial court also indicated that he had been in contact with Mr. Keith's attorney and that the attorney had indicated he could obtain no cooperation from Mr. Keith. While we are not prepared to agree with plaintiffs' counsel that the defendants deliberately sought to stall as long as they could, the record indicates singular inattention and lack of interest on defendants' part until their day of reckoning came and judgment was rendered against them. We find no abuse of judicial discretion in requiring defendants to go to trial on June 12, 1976.

Defendants' second point requires some discussion. Plaintiffs contend the point is not properly preserved for review, but we cannot agree. Defendants contend that the trial court erred in basing its judgment on an erroneous rental value based on plaintiff Carl Arnett's testimony, rather than the contract for deed, which recited:

"[I]t is further contracted and agreed that the reasonable rental value of this property is $5,000.00 per year, and if default be made in the payments herein provided then this contract shall become null and void and all payments shall be kept as rent for the premises . . . and the [plaintiffs] shall be entitled to immediate possession of said described premises."

Admittedly the plaintiffs sued on a contract for deed. They received $5,000 as a down payment and as the first year's rent. By letter, plaintiffs gave notice of default on November 12, 1975, requesting that defendants vacate the premises by November 22, 1975. The execution of the contract, defendants' payment of the rent for a period of one year, defendants' default, the giving of notice of default and defendants' wrongful holding over were all incorporated by reference in a count in ejectment which was one of three counts in plaintiffs' petition on the written contract. In its judgment, the trial court found that plaintiffs were entitled to retain the $5,000 received as a year's rental; that defendants became and were in default on November 6, 1975, and thereafter wrongfully held over to June 6, 1976; that the reasonable and fair rental value of the premises was $830 per month, and that plaintiffs should therefore have judgment in the amount of $5,810 against defendants as damages for the wrongful holding over.

■■ It may be conceded that the plaintiffs are entitled to the fair rental value of the premises during the time the land was wrongfully withheld. Rule 89.09, V.A.M.R.; *Dent v. Dent,* 350 Mo. 560, 571, 166 S.W.2d 582, 588[11] (1942); *Atkinson v. Smothers,* 291 S.W.2d 645, 649[8] (Mo.App.1956). Nevertheless, the contract provision quoted is what is known as a "liquidated damages" provision. By its order and judgment the trial court found the liquidated damages clause valid; as much may be inferred from the provision allowing plaintiffs to retain the $5,000 down payment. If a provision for liquidated damages is valid, the stipulated amount forms the measure of damages in case of a breach, and recovery must be for that amount, even though the actual

loss may be greater or less. *Trans World Airlines v. Travelers Indemnity Company*, 262 F.2d 321, 325–326[1] (8th Cir. 1959); 1 Sedgwick, Damages § 426, pp. 824–825 (9th ed. 1912); 22 Am.Jur.2d § 235, p. 321 (1965). Plaintiffs founded their action in ejectment on breach of the contract. They may not now claim damages in a sum greater than that to which they agreed. The trial court should have assessed plaintiffs' damages for the wrongful holding over at the rate of $416.67 per calendar month, rather than $830 per month.

The cause is remanded to the trial court with direction to compute plaintiffs' damages for wrongful holding over at the rate of $416.67 per month for and during the time the premises were held over. In all other respects, the judgment is affirmed.

All concur.