**Valcue CARMEL, Appellant,**

v.

**David J. DIECKMANN and Sharon Dieckmann, Respondents.**

No. 42278.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 7, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1981.

Application to Transfer Denied
July 14, 1981.

Stephen C. Murphy, Clayton, for appellant.

Gordon Webb, Clayton, for respondents.

CRIST, Presiding Judge.

Plaintiff-appellant (hereinafter "buyer") appeals from a judgment for defendants-respondents (hereinafter "sellers") in a suit for the return of buyer's earnest money deposit in connection with a residential real estate sales contract.

Pursuant to a contract dated August 10, 1977 buyer agreed to purchase seller's home at 11930 Kingshead Drive in St. Louis County, Missouri for $46,000.00. Of that amount, $2,000.00 (hereinafter "earnest deposit") was tendered by buyer directly to sellers upon sellers' acceptance of the contract. The contract provided if the sale was not closed by the date fixed therefor due to the failure of performance by buyer, the earnest deposit was to be forfeited by buyer. The closing date, as fixed by the contract, was the date of the completion of sellers' new house in Des Peres, Missouri. The contract further provided that in the event the Des Peres house was not completed by December 15, 1977, sellers would pay buyer monthly rent not to exceed $200.00 from that date until closing.

On September 1, 1977, buyer obtained a loan commitment. Buyer was engaged to be married at the time of the execution of the contract, but the engagement was subsequently broken. Thereafter, in October, buyer and sellers agreed that buyer would try to sell the house to someone else. Buyer agreed to go through with his contract in the event that he could not find another purchaser. He tried, unsuccessfully, to find another purchaser, engaging a real estate broker, advertising the property, and holding two open houses with sellers' cooperation.

In early November, following the open houses, sellers advised buyer the Des Peres house would be completed in 30 to 60 days. Buyer then told sellers he did not want the house and could not afford it. Sellers responded that buyer could consider the earnest deposit forfeited, to which buyer replied he would not lose the earnest deposit. Sellers told buyer to go ahead and take the house but buyer maintained that he could not. Sellers, thereafter, sought a new purchaser, and on November 16, 1977, entered into a contract to sell the house to others (hereinafter "purchasers") for approximately the same price.

After consulting with an attorney, buyer wrote sellers a letter demanding a December 15, 1977 closing date or the return of his earnest deposit. He indicated, therein, that he would be unable to obtain an extension on his loan commitment past December 15, 1977. Buyer did, however, obtain such an extension until January 3, 1978.

On December 22, 1977, buyer signed the loan papers and left the money necessary to close on the contract at Land Title in Clayton, Missouri. Buyer sent a note to sellers informing them that he had closed on the sale. Sellers did not respond. Sellers' Des Peres house was completed on December 29, 1977 and sellers moved into their new house on that date. The sale of 11930 Kingshead Drive to purchasers was closed on January 13, 1978.

Buyer's action for the return of his earnest deposit was tried without a jury on September 7, 1979. The trial court entered judgment for sellers on that date. Buyer appeals. We affirm.

There are two questions before us in this appeal. We will first determine whether there is substantial evidence to support a finding of anticipatory repudiation. We will then consider buyer's contention that the earnest deposit was in the nature of penalty clause not a liquidated damages clause.

Missouri recognizes the doctrine of anticipatory breach by repudiation. *Ewing v. Miller*, 335 S.W.2d 154, 158 (Mo.1960). A party to a contract repudiates that contract by manifesting, by words or conduct, a "positive intention not to perform." *Gateway Aviation, Inc. v. Cessna Aircraft Co.*, 577 S.W.2d 860, 862 (Mo.App.1978); *Ewing v. Miller, supra* at 158. In the case at bar, there was sufficient evidence for the trial court to find that buyer manifested, by his words, a positive intention not to perform.

His unjustified, positive statement that he could not take the house constituted, under Missouri law, an anticipatory breach of repudiation. See, *Quivarian Development Co. v. Poteet*, 268 F.2d 433 (C.A.Mo.1959); *Cork Plumbing Co., Inc. v. Martin Bloom Associates, Inc.*, 573 S.W.2d 947, 956 (Mo.App. 1978). There is sufficient evidence in the record to support the trial court's finding of an anticipatory breach by repudiation.

With respect to the forfeiture of the earnest deposit, such clause is appropriate to establish liquidated damages in a residential real estate sale contract. *Bachman v. H.R. Ennis Real Estate & Investment Co.*, 199 Mo.App. 674, 204 S.W. 1115, 1117 (Mo.App.1918); see, *Southwest Engineering Co. v. U. S.*, 341 F.2d 998 (8th Cir. 1965). Liquidated damage provisions in real estate contracts are frequently utilized because the actual damages in an action for breach are "uncertain in amount and difficult to ascertain or prove." *Stein v. Bruce*, 366 S.W.2d 732, 736–37 (Mo.App.1963).

In the case at bar, the $2,000.00 earnest deposit was neither "unreasonable in amount as a forecast of probable damages" nor "disproportionate to the amount of damages that could probably result from the breach." *Id.* Sellers, herein were damaged in that they were denied the opportunity to consider other offers. The trial court properly applied the law in holding that the clear and unambiguous term of the residential real estate contract calling for forfeiture of the earnest deposit was enforceable as establishing reasonable liquidated damages.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.