**Murray E. GERMANY and Roberta R. Germany, Plaintiffs-Respondents,**

v.

**Ronald NELSON and Mary Nelson, Defendants-Appellants.**

No. 13525.

Missouri Court of Appeals, Southern District, Division One.

Aug. 28, 1984.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 19, 1984.

John R. Lewis, Springfield, for plaintiffs-respondents.

James L. Bowles, Daniel, Clampett, Rittershouse, Lilley, Dalton Powell & Cunningham, Springfield, for defendants-appellants.

GREENE, Judge.

On August 31, 1981, Murray and Roberta Germany contracted to sell real estate they owned in Greene County, Missouri, to defendants Ronald and Mary Nelson. The purchase price of the property was $140,000. The written contract provided that the Nelsons assume and pay two notes totaling approximately $113,000 secured by deeds of trust, and to pay the Germanys their equity of $26,753, in monthly installments of $2,000. In addition, a $10,000 payment was to be made to the Germanys on February 1, 1982, and the balance of their equity, approximately $14,000, was to be paid on August 1, 1982.

The Germanys placed a warranty deed in escrow to be delivered to the Nelsons when the payments were made. The Nelsons took possession of the property approximately August 15, 1981, and made payments on their obligations under the contract totaling $11,000 in the time period from August of 1981 through January of 1982. They failed to make the $10,000 payment due February 1, or any other payments due.

After letters from the Germanys to the Nelsons, demanding payment by the Nelsons of their contractual obligations, were to no avail, the Germanys sued the Nelsons in a two-count petition. Count I was an action for ejectment, by reason of the contract breach, while Count II prayed for $25,000 damages.

On July 8, 1982, the trial court entered judgment by default for the Germanys and against the Nelsons on Count I of the petition. The judgment recited that by reason of the Nelsons' default by failing to make the payments as agreed, the contract was "declared null and void by and be-

tween plaintiffs and defendants," and ordered the Nelsons to deliver possession of the real estate to the Germanys. The Nelsons complied, having been in possession of the property for approximately 10 months and 3 weeks.

In their amended answer to Count II of the petition, the Nelsons, as an affirmative defense, pleaded that the contract contained a liquidated damages clause which provided, in essence, that if the Nelsons defaulted on the contract, the Germanys had the right to take possession of the premises and keep all payments made as "rent and liquidated damages," but were not entitled to additional damages.

The successor trial judge considered the clause in question as a liquidated damages clause binding on the parties, but stated that plaintiffs were entitled to recover, in addition to the $11,000 they had already received, the reasonable rental value of the property from the time the $10,000 payment was due until the time the Nelsons vacated the property. After receiving evidence on that issue, which consisted of affidavits submitted by appraisers, the trial court entered judgment for the Germanys in the sum of $5,700 on Count II of their petition.

The Nelsons appealed contending, among other things, that the trial court permitted the Germanys a double recovery, since the damages under the contract were limited to the Germanys being permitted to keep the $11,000 previously paid by the Nelsons on the contract. We agree and reverse the judgment of the trial court.

The clause in question, in paragraph 12 of the contract, states that in the event of default "all payments made hereunder by Buyers to Sellers shall be deemed rent and liquidated damages ...." There is no other damages provision in the contract.

■ The trial court found the clause in question to be a valid liquidated damages provision binding on the parties. We agree that it was. Courts look with candor on provisions deliberately entered into between parties, and do not look with disfa-

vor upon liquidated damage stipulations. *Southwest Engineering Co. v. United States,* 341 F.2d 998, 1001 (8th Cir.1965), cert. denied, 382 U.S. 819, 86 S.Ct. 45, 15 L.Ed.2d 66 (1965).

■ If parties in good faith agree upon a sum as damages which would probably ensue if the contract should be breached, the agreement is honored by the courts, provided it is reasonable. *Zeppenfeld v. Morgan,* 185 S.W.2d 898, 904–905 (Mo.App.1945). It has been held that 10% of the purchase price was a reasonable amount for liquidated damages in the event of a breach by purchaser of a contract to buy realty. *Stein v. Bruce,* 366 S.W.2d 732, 737 (Mo. App.1963).

■ Here, neither side contends the liquidated damages provision is unreasonable, and we do not find it to be so. The only damages shown to the Germanys, by reason of the Nelsons' default, was loss of use of the premises for the period of time they were occupied by the Nelsons. As previously stated, the Nelsons possessed the property for 10 months and 3 weeks, or about 10¾ months. At $950 a month rental, which figure was used by the trial court in its award of an additional $5,700 for a six month period, from February 1, 1982 to July 1, 1982, the reasonable rental value of the property for the time period in question was $10,212.50. The amount of payments the Nelsons had made was $11,000. It was reasonable that such amount be retained by the Germanys as liquidated damages. It was unreasonable to award them the additional $5,700.

■ In addition, liquidated and actual damages may not be awarded as compensation for the same injury. *Twin River Const. Co. v. Public Water Dist.,* 653 S.W.2d 682, 694 (Mo.App.1983); *Arnett v. Keith,* 582 S.W.2d 363, 365–366 (Mo.App. 1979). The trial court's award of the additional $5,700 for rent gave the Germanys a double recovery that they were not entitled to receive.

The judgment of the trial court is reversed and the cause is remanded to the

trial court with directions to enter judgment for the Nelsons on Count II of the Germanys' petition.

TITUS, P.J., and FLANIGAN, J., concur.