## STANDARD IMPROVEMENT COMPANY, Respondent,

v.

### Albert and Sandra DiGIOVANNI, Appellants.

### No. WD 40524.

Missouri Court of Appeals, Western District.

Feb. 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1989.

Application to Transfer Denied May 16, 1989.

Michael Murphy, Liberty, for appellants.

Max O. Bagby of Bagby & Jacob, Kansas City, Keith Martin of Payne & Jones, Overland Park, Kan., for respondent.

Before FENNER, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

This is a direct appeal in action for breach of contract. The judgment is affirmed.

Appellants present two points which, in summary, charge the trial court erred in (1) submitting M.A.I. 4.09 instead of M.A.I. 4.01 and (2) by limiting appellants' cross-examination of a respondent's witness.

The pertinent facts are as follows: The parties entered into a home improvement

contract on April 9, 1986, whereby certain improvements were to be made by respondent to the residence located at 3214 N.E. 51st Terrace, Kansas City, Clay County, Missouri. This contract included a provision for entry upon the premises to permit respondent to complete the work, the work to be done and the price for that work. The contract also included the following language:

Other than the right to cancel set out in the following paragraph, Purchaser may terminate this contract any time before work is commenced or any material delivered by paying Seller an amount equal to thirty percent (30%) of the cash sale price as liquidated damages and not as penalty. Unless Purchaser has legally cancelled, AFTER any work is commenced or any material delivered, if Purchaser refuses to allow Seller to complete the improvement, Purchaser shall pay Seller for labor and materials used and sales tax thereon plus thirty percent (30%) of the cash sale price as liquidated damages. Purchaser agrees that any instrument of security which has been executed by him shall secure the liquidated damages herein provided and shall be filed and recorded.

Both appellants signed the contract along with a promissory note and deed of trust in support of the contract. Both appellants were given cancellation forms which prescribed their right of cancellation within three days of the execution of the contract. The contract also contained a provision concerning the three-day cancellation right.

The evidence revealed that through its representatives, respondent prepared an estimate of costs, secured materials, and sent a crew to the job site to begin the work. Respondent alleges that it was denied access to the residence to commence work, and the work was never commenced.

By their testimony, appellants acknowledged execution of the contract, promissory note and deed of trust. Their evidence indicated that the cancellation notice was not presented to respondent until almost a month after execution of the contract.

Both appellants acknowledged their abilities to read but disclaimed any knowledge of the liquidated damage provision set forth above.

Albert DiGiovanni testified that he never refused respondent entry into the residence. Sandra DiGiovanni stated that she notified her counsel of her unwillingness to proceed with the contract upon the basis of her father's illness and an understanding of the inability to pay if the work was performed.

The cause was submitted to a jury, which returned its verdict in the sum of $7,200.00. Judgment was entered and this appeal followed.

■ Appellants' point (1) is taken up and, after full consideration, is found to be without merit and is ruled against them for the following reasons:

(1) Appellants' assertion that the liquidated damages clause of the contract is a penalty has no merit.

(2) The evidence is clear that appellants repudiated the contract prior to the commencement of work, thus preventing respondent from doing the work, as the evidence revealed that respondent was willing and able to do it.

(3) The now-challenged instruction reads as follows:

## INSTRUCTION NO. 7

If you find in favor of Plaintiff, then you must award Plaintiff Standard Improvement Company $7,200.00.
Submitted by Plaintiff
M.A.I. 4.09

In addition, the jury received the following instructions:

## INSTRUCTION NO. 6

Your verdict must be for plaintiff if you believe:

First, defendants did not permit plaintiff to enter the property to perform the contract, and

Second, because of such failure defendants' contract obligations were not performed, and

Third, plaintiff was thereby damaged.
Offered by Plaintiff
M.A.I. 26.02

### INSTRUCTION NO. 8

Your verdict must be for the defendants unless you believe plaintiff was damaged as a direct result of defendants' failure to perform their contract obligations, as submitted in Instruction No. _____.

M.A.I. 33.01
Submitted by Defendants

Appellants charge that in lieu of M.A.I. 4.09, the court should have submitted M.A.I. 4.01., which reads:

**4.01 [1980 Revision] Damages–Personal and Property**

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe he sustained [and is reasonably certain to sustain in the future] as a direct result of the occurrence mentioned in the evidence.

Under the facts and circumstances of this case, M.A.I. 4.09 and not M.A.I. 4.01 was the proper instruction to the jury, and the court did not err in the submission thereof. Also, there was substantial evidence to support the submission of Instruction No. 7, and that issue is not even presented.

(4) There is no substance to appellant's contention that the liquidated damages clause was a penalty. Its terms were set forth explicitly in the contract. Appellants had the right to cancel the contract within the allotted 72 hours as per the terms of the contract and chose not to cancel within that time.

■ Appellants' point (2) is taken up and, after full consideration, is found to be without merit and is ruled against him for the following reasons:

(1) Appellants assert that the trial court erred in denying them the right to cross-examine respondent's General Manager regarding the gross receipts of respondent for the year 1986 and, as they assert, "By not permitting defendants to attempt to expose the liquidated damage clause in Exhibit 1 (the contract) as a penalty clause, unrelated in amount to any loss of receipts or profits by plaintiff." As to the first part of appellants' point (2), the trial court did not err in sustaining respondent's objection to inquiry regarding the gross receipts of respondent for the year 1986. Such inquiry was irrelevant to any issue at trial. There was no offer of proof as to relevancy by appellants.

(2) The extent and scope of cross-examination is discretionary with the trial court and absent a clear showing of an abuse of that discretion, no grounds for reversal exist. The trial court did not abuse its discretion herein.

(3) As to the remaining portion of appellants' point (2), there is no specific argument submitted relative thereto. Appellants' assertion is merely a conclusion from their assertion that the trial court erred in sustaining respondent's objection as referenced above. Finding, as this court does herein, that the trial court did not err in sustaining respondent's objection, the result is that appellants' conclusion has no meritorious basis.

JUDGMENT AFFIRMED.

FENNER, P.J., concurs in separate concurring opinion.

GAITAN, J., dissents in separate dissenting opinion.

FENNER, Judge concurring.

I concur with the majority opinion but believe that the issue of whether or not the liquidated damages clause of the contract is a penalty requires further comment.

Liquidated damages clauses in contracts are valid and enforceable provided they do not constitute a penalty. Whether a liquidated damages clause should be enforced depends upon the reasonableness of the agreed damage amount, in light of the anticipated loss in the event of a contract breach and, in light of the difficulties of proving such loss. *Highland Inns Corp. v. American Landmark Corp.*, 650 S.W.2d

667, 674 (Mo.App.1983); Restatement (Second) of Contracts, § 356(1). As long as the amount is not an unreasonable forecast of probable damages and is not disproportionate to the amount of damages which could probably result, liquidated damages should be enforced. *Carmel v. Dieckmann*, 617 S.W.2d 459, 461 (Mo.App.1981). An amount used as liquidated damages must bear some relationship to a reasonable forecast of probable damages or to the amount of damages which would likely result from breach. *Goldberg v. Charlie's Chevrolet, Inc.*, 672 S.W.2d 177, 180 (Mo. App.1984).

In order to invoke the liquidated damages clause in a contract, a plaintiff need not prove the actual dollar amount of damages caused by the defendant's breach. All that is necessary is a showing that some harm or damage has occurred. *Grand Bissell Towers, Inc. v. Joan Gagnon Enterprises, Inc.*, 657 S.W.2d 378, 379 (Mo.App.1983); *Goldberg v. Charlie's Chevrolet, Inc., supra* at 179. In the case at bar there is no dispute but that Standard Improvement Company suffered some actual damages.

The record reflects that the estimator for Standard Improvement Company spent between fifteen and twenty hours on the appellants' contract. The estimate is free but the estimator is paid a commission on work that is contracted. Additionally, appellants desired to finance the cost of the project with Standard Improvement Company. In making arrangements for appellants to be approved for financing by Standard Improvement Company, the Company incurred expenses in determining who had title to the property, having prepared and recording a deed of trust, hiring an independent appraiser to establish a value for the property and all of their other overhead expenses in arranging the financing as requested by appellants. The fact that Standard Improvement Company proved that it suffered some actual damage is sufficient to invoke the liquidated damages clause of the contract.

When an owner wrongfully breaches a construction contract, the contractor is en-titled to the benefit of his bargain, that is whatever net gain he would have made under the contract. *Artcraft Cabinet, Inc. v. Watajo, Inc.*, 540 S.W.2d 918, 924 (Mo. App.1976). An approved method of measuring damages is to award the contractor the contract price less the costs and expenses the contractor is saved from having to incur because of the breach. *Statler Manufacturing, Inc. v. Brown*, 691 S.W.2d 445, 451 (Mo.App.1985).

In the case at bar the uncontroverted evidence was that the probable cost of labor and materials which would have been needed to perform the job was estimated at approximately $16,000. The contract price for the complete job was $24,000. Thus, under the measure of contract damages as set forth above, Standard Improvement Company would be entitled to damages in the amount of $8,000.

The liquidated damages clause entitled Standard Improvement Company to recover $7,200 and therefore, is a reasonably accurate forecast of their lost profits under the contract and not a penalty.

GAITAN, Judge dissenting

I must respectfully dissent from the majority opinion for the reason that I believe the language in the home improvement contract requiring payment of thirty per cent (30%) upon cancellation or breach is a penalty clause. In support of my position I cite *Goldberg v. Charlie's Chevrolet, Inc.*, 672 S.W.2d 177, 179 (Mo.App.1984) which stands for the proposition that an amount used as liquidated damages must bear some relationship to a reasonable forecast of probable damages or to an amount which damages are likely to result from such a breach. Here, the $7,200 amount is merely a mathematical derivation of 30% of $24,000 (contract amount). This figure was not arrived at by subtracting the estimated cost of the work from the contract price as is suggested by the concurring opinion citing *Statler Manufacturing, Inc. v. Brown*, 691 S.W.2d 445, 451 (Mo.App. 1985). This amounts to merely a penalty that Standard Improvement extracts from its clients who later decide against the con-

tracted work. Additionally, this amount was not bargained for between the parties. Instead, Standard Improvement unilaterally inserted this amount into the contract, and it bears no relationship to likely damages and therefore, it is unreasonable. *See Germany v. Nelson,* 677 S.W.2d 386, 388 (Mo.App.1984). The concurring opinion seems to imply that once Standard Improvement can prove it has suffered a loss or harm (no matter how small) it may extract whatever penalty it desires. With that I must respectfully disagree. In adopting the Restatement of Contracts relative to liquidated damages this clause must be found to be a penalty clause. In *Grand Bissell Towers, Inc. v. Joan Gagnon Enterprises, Inc.,* 657 S.W.2d 378 (Mo. App.1983) this court (Eastern District) stated:

> In Missouri, we have adopted the rules of the Restatement of Contracts for determining whether a liquidated damages clause is in fact a penalty. *See, e.g., Corrigan Company Mechanical Contractors v. Fleischer,* 423 S.W.2d 209, 213–214 (Mo.App.1967). These rules are:
> "(1) An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless
> (a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and
> (b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation."

*Restatement of Contracts* § 339 (1932). (footnote omitted) *Id.* at 379.

I respectfully submit that Standard Improvement failed to prove that either the amount fixed was a reasonable forecast of just damages or that the harm caused would be incapable or very difficult to estimate. It is for the aforesaid reasons that I must dissent.