**Richard E. WARSTLER and Ruth E. Warstler, Respondents,**

v.

**Pedro CIBRIAN and Estela Cibrian, Appellants.**

**No. WD 46753.**

Missouri Court of Appeals, Western District.

July 6, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

---

Bertica Dominquez–Calbi, Kansas City, for appellants.

Edward A. Coulson, Kansas City, for respondents.

Before LOWENSTEIN, C.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Richard and Ruth Warstler brought suit for breach of a real estate sales contract against Pedro and Estela Cibrian. After a bench trial, the trial court entered judgment for the Warstlers for actual damages and the Cibrians appealed. The Cibrians contend there was no breach but that even if a breach occurred damages should be limited to the $2,000 earnest money deposit as liquidated damages.

Reversed and remanded.

On February 12, 1991, the Cibrians entered into a real estate sales agreement with the Warstlers for the purchase of a home owned by the Warstlers and located at 5423 Northwest Platte Purchase Drive in Platte County for $125,000. Of that amount, $2,000 was to be deposited in a trust account as earnest money, $10,500

was to be paid at closing and the balance of $112,500 was to be paid through financing obtained by the Cibrians. The Cibrians had until March 26, 1991, the date of closing, in order to secure financing. The agreement was contingent upon the Cibrians securing financing and it provided that "time is of the essence."

About one week before the closing date, the Cibrians called their loan officer, Dennis Paul, at Sentinel Federal Savings to inform him that they did not want to proceed with the loan application because of a change in their financial condition. During the telephone conversation, the loan officer asked the Cibrians to provide written notice of withdrawal of the loan application but they refused to do so. The following day, the Cibrians sent a letter to Sentinel Savings stating that they had not intended to withdraw their loan application. Considering that official notice to withdraw the loan application had already been given by the Cibrians, however, the bank withdrew their application and discontinued processing on the loan. There is nothing in the record to indicate that the Cibrians made any efforts to obtain financing from any other bank or lending institution. As a result, the Cibrians failed to secure financing by the closing date pursuant to the terms of the agreement, and consequently, were unable to purchase the property.

After they had withdrawn their loan application and Sentinel Savings had discontinued processing the loan, the Cibrians contacted the real estate agent and indicated that they were no longer interested in the Platte Purchase property and did not want to purchase the property. Despite this ostensible lack of interest, however, the Cibrians made an offer to buy the Warstlers' home for less than the contract price. The Warstlers later sold their home to another buyer for less than the contract price.

The Warstlers brought suit against the Cibrians for breach of the real estate sales contract for failure to purchase the Platte Purchase property pursuant to the terms of the agreement. At the conclusion of the trial, the court entered an order finding that the Cibrians had breached the contract by failing to obtain financing pursuant to the terms of the real estate agreement. The court further found that the Warstlers were entitled to actual damages in the amount of $9,945.

On appeal, the Cibrians contend that they did not breach the contract because they made a diligent effort to secure financing but were unable to do so through no fault of their own.

■ In reviewing the trial court's decision, this court must affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In this case, the Cibrians assert that the real estate agreement was contingent upon the Cibrians securing financing to purchase the Warstlers' home. As the Cibrians correctly note in their argument, Missouri law imposes the duty of reasonable diligence and good faith on a buyer who enters into a contract containing a financing contingency clause and the buyer has the burden of proving such. *Goldberg v. Charlie's Chevrolet, Inc.*, 672 S.W.2d 177, 178[2] (Mo.App.1984).

Here, the record shows that the Cibrians applied for a loan with Sentinel Savings soon after entering into the real estate agreement with the Warstlers. Thereafter, the Cibrians experienced a change in their financial condition and notified Sentinel Savings that "they did not feel comfortable proceeding" with the loan application. The Cibrians refused to provide written notice of the withdrawal of their application. At trial, the Sentinel Savings loan officer testified that it was the Cibrians' decision to terminate the application. The Cibrians denied they withdrew their application.

■ This court defers to the trial court's assessment in determining the credibility of witnesses. *In re Estate of Ross*, 790 S.W.2d 514, 516[2] (Mo.App.1990). Obviously, the trial court found the loan officer's testimony credible that the Cibrians

had voluntarily withdrawn their loan application. There is nothing in the record to indicate that the Cibrians made any efforts to procure financing at any other facility. The record supports the finding that Sentinel Savings did not reject the Cibrians' loan application, but rather they voluntarily withdrew the application and as a result failed to secure the necessary financing by the closing date as required by the real estate agreement.

The Cibrians further contend that in the event this court finds they breached the real estate contract, the damages to which the Warstlers are entitled should be limited to the $2,000 earnest money deposit as liquidated damages pursuant to the terms of the agreement rather than actual damages. The "liquidated damages" provision states as follows:

FAILURE TO CLOSE: If the SELLER has complied with this contract, and the BUYER fails to comply with the contract on his part within five (5) days, then the money deposited as aforesaid is forfeited by the BUYER, and this contract may or may not be operative thereafter, at the option of the SELLER, and in the event the SELLER shall declare the contract inoperative, the money deposited shall be paid to the SELLER as liquidated damages.

■■■ The term "liquidated damages" refers to "that amount which, at the time of contracting, the parties agree shall be payable in the case of breach." *Goldberg v. Charlie's Chevrolet, Inc.*, 672 S.W.2d 177, 179[4] (Mo.App.1984). In Missouri, liquidated damages provisions in contracts are generally upheld by the courts provided they are reasonable and the parties agreed in good faith upon a sum as damages that would likely ensue if the contract were breached. *Germany v. Nelson*, 677 S.W.2d 386, 388[2] (Mo.App.1984). Moreover, the use of an earnest deposit forfeiture clause in a residential real estate contract is entirely appropriate to establish liquidated damages. *Carmel v. Dieckmann*, 617 S.W.2d 459, 461[4] (Mo.App.1981). Liquidated damages provisions are frequently utilized in real estate contracts because

actual damages are often "uncertain in amount and difficult to ascertain or prove." *Id.*

In their petition, the Warstlers requested liquidated damages in the amount of $2,000, in addition to actual damages for $9,850, plus attorney fees and the trial court awarded actual damages. The Warstlers argue that they were entitled to actual damages because the contract did not provide that the earnest money was the sole remedy as liquidated damages and because the contract gave them an option to declare the contract operative or inoperative.

■■ Liquidated and actual damages generally may not be awarded as compensation for the same injury. *Germany*, 677 S.W.2d at 388[4]. Further, "where parties especially provide or stipulate for liquidated damages, such liquidated damages take the place of any actual damages suffered and any recovery for breach is limited to the amount so agreed upon." *Trans World Airlines, Inc. v. Travelers Indemnity Co.*, 262 F.2d 321, 325[1] (8th Cir. 1959).

In *Goldberg*, the court enforced a liquidated damages clause in a real estate sales contract which contained a clause providing for the forfeiture of the earnest money deposit in the event of a breach. The court in *Goldberg* found that the liquidated damages clause was triggered when the purchasers failed to exercise reasonable efforts to obtain financing pursuant to the terms of the contract. *Id.* at 180. The sellers who had subsequently sold their house to other purchasers were thus entitled to the earnest money deposit as liquidated damages. *Id.*

■■ The Warstlers claim that *Goldberg* is distinguishable because the provision in the instant case contained an option for the seller to declare the contract operative or inoperative in the event of a breach by the buyer. They assert that the liquidated damages clause did not become effective because they did not declare the earnest money forfeited or otherwise declare the contract inoperative.

Repudiation of a contract, however, may occur when one of the parties to the contract manifests, by words or conduct, a positive intention not to perform. *Carmel*, 617 S.W.2d at 460[2]. Here, the Warstlers repudiated the contract when they sold their home to another purchaser. *Tinnon v. Tanksley*, 408 S.W.2d 98, 104 (Mo.1966). They subsequently filed a lawsuit against the Cibrians for breach of contract which constituted a further repudiation of the real estate contract. *Lazare v. Hoffman*, 444 S.W.2d 446, 451[5] (Mo.1969). Such repudiations necessarily rendered the real estate contract inoperative. As such, all of the conditions which could trigger the liquidated damages clause were met.

The Warstlers rely on *Hoelscher v. Schenewerk*, 804 S.W.2d 828 (Mo.App. 1991), for authority that they should be entitled to actual damages. In *Hoelscher*, the court awarded actual damages and applied the escrow deposit towards the judgment. Unlike the contract in the present case, however, the contract in *Hoelscher* specifically provided for the seller to elect between accepting the earnest money as damages for the buyer's breach or pursuing other legal remedies including but not limited to a suit for specific performance or actual damages. *Id.* at 831.

Here, the contract does not contain any language providing for alternative remedies such as specific performance or actual damages in case of breach by the buyer. The contract in this case only provides for liquidated damages. Since the validity of the liquidated damages provision is not in dispute, the stipulated amount controls as to the measure of damages and recovery is limited to that amount, even though the actual loss may be greater or less. *Arnett v. Keith*, 582 S.W.2d 363, 365–66 (Mo.App.1979). As such, the Warstlers are entitled only to the $2,000 earnest money deposit that was specified as liquidated damages in the contract.

The judgment is reversed and this cause is remanded with directions to enter judgment for the Warstlers in the amount of $2,000.

All concur.