Richard **DIFFLEY**, Kevin Beckerle, Trustees of the Teamsters Negotiated Pension Plan, Plaintiffs/Appellants,

v.

**ROYAL PAPERS, INC.,**
Defendant/Respondent.

No. 71350

Missouri Court of Appeals,
Eastern District,
Division Two.

July 8, 1997.

Clyde E. Craig, Mark A. Potashnick, Craig & Nagle, P.C., St. Louis, for plaintiffs/appellants.

Robert W. Stewart, Diana M. Wagner, St. Louis, for defendant/respondent.

CRANE, Presiding Judge.

Plaintiffs, pension plan Trustees, filed an action to collect $210.80, which represented a late fee of 10% of total contributions due, against defendant employer for making late contributions to the pension plan in two months in 1995. After hearing the Trustees' and employer's motions for summary judgment, the trial court entered summary judgment in employer's favor. The Trustees appeal. We affirm on the grounds that the late fee is an unenforceable penalty.

The undisputed facts before the court on the motions for summary judgment were as follows: Defendant, Royal Papers, Inc., (employer) had a collective bargaining agreement with Teamsters Local # 688 covering its warehouse employees. Pursuant to this agreement, employer contributes $31.00 per week, per employee, to the Teamsters Negotiated Pension Plan (the Pension Plan). The Pension Plan is administered by the Trustees pursuant to the Trust Agreement which is incorporated by reference into the collective bargaining agreement. The collective bargaining agreement and the Trust Agreement do not provide for a penalty for late payments to the Pension Plan. On May 9, 1994 the Trustees issued a Memorandum to all contributing employers of the Pension Plan which established a policy for late contributions. The Memorandum provided:

> Effective February 15, 1994, the Trustees of the Teamsters Negotiated Pension Plan adopted a policy regarding employers who are delinquent in contributions to the Fund. A late penalty of ten percent (10%), unless specified otherwise in the collective bargaining agreement, of the total contributions due for the month will be assessed against an employer who is fifteen (15) days late in submitting reports and contributions to the Fund office (to be mailed to: Teamsters Insurance & Welfare Fund Administrative Office, P.O. Box 503092, St. Louis, MO. 63150-3092).

> A completed report form and contribution check is due in the Teamsters Negotiated Pension Fund office (address listed above) not later than fifteen (15) days after the end of the month being reported. Therefore, in order to avoid a late penalty, a contribution must be received by the Fund not later than thirty (30) days after the end of the month being reported.

Plaintiff Richard Diffley signed as the Union Trustee and Allan Barton signed as the Employer Trustee. Employer subsequently made two late contributions to the Pension Plan. According to the Trustees' motion, the September payment, which was due on October 30, 1995, was not received until November 9, 1995. The October payment, which was due on November 30, 1995 was not received until December 6, 1995.

The Trustees appeal from the trial court's entry of summary judgment against them. They contend that the 10% late penalty was a

valid liquidated damages provision which the trial court should have enforced. We disagree.

### A. *Applicable Law*

The Trustees contend that this case is governed by state law. Employer contends this issue is preempted by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. sections 1001—1461 (1985).

ERISA preempts state laws "insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. sec. 1144(a). ERISA's preemption provision displaces all state laws that "fall within its sphere, even state laws that are consistent with ERISA's substantive requirements." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985).

There is a split of authority among the federal circuits whether 29 U.S.C. sec. 1132(g)(2) preempts penalties for late, as opposed to unpaid, contributions. Subsection (ii) of section 1132(g)(2) addresses a fiduciary's recovery of liquidated damages for unpaid contributions, but neither this section nor other sections address liquidated damages for late contributions.

Employer relies on *Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476 (8th Cir.1988) which holds that section 1132(g)(2) is an exclusive damage provision which provides penalties for unpaid contributions. *Id.* at 478. Because this section does not provide penalties for late contributions, the Eighth Circuit holds that none can be imposed. *Id.*

Other federal circuit courts and district courts have rejected this interpretation and hold that because this section does not address late payments, late payments are not preempted and are subject to state or federal common law. *Idaho Plumbers & Pipefitters v. United Mechanical*, 875 F.2d 212, 217 (9th Cir.1989); *Iron Workers Dist. Council v. Hudson Steel*, 68 F.3d 1502, 1506 (2nd Cir. 1995); *Michigan Carpenters Council v. C.J.*

*Rogers, Inc.*, 933 F.2d 376, 389–390 (6th Cir. 1991); *Carpenters Health and Welfare Fund v. Bldg. Tech.*, 747 F.Supp. 288, 297 (E.D.Pa. 1990); *Board of Trustees v. Udovch*, 771 F.Supp. 1044, 1048 (N.D.Cal.1991).

We do not need to resolve this split of authority because, as set out in the following section, even if state law applies, the Trustees are not entitled to recover because the late fee is an unenforceable penalty under state law.

### B. *Penalty Clause vs Liquidated Damages Provision*

■ Under state law, the Trustees argue that the 10% late fee is a proper liquidated damages provision which is entitled to enforcement. Employer, who also does not concede that the May 9th Memorandum is a binding contract, argues that the late fee is an unenforceable penalty provision. We do not need to address the question of whether the May 9th Memorandum is binding on employer because, even if it is, the 10% late fee contained therein is unenforceable as a penalty clause.

■ Liquidated damages clauses are valid and enforceable, while penalty clauses are invalid. *Paragon Group, Inc. v. Ampleman*, 878 S.W.2d 878, 880 (Mo.App.1994); *Muhlhauser v. Muhlhauser*, 754 S.W.2d 2, 4 (Mo. App.1988). A penalty provision specifies a punishment for default. *Muhlhauser*, 754 S.W.2d at 4–5. On the other hand, liquidated damages are a measure of compensation which, at the time of contracting, the parties agree will represent damages in case of breach. *Paragon*, 878 S.W.2d at 880.

■ For a damage clause to be valid as fixing liquidated damages: (1) the amount fixed as damages must be a reasonable forecast for the harm caused by the breach; and (2) the harm must be of a kind difficult to accurately estimate. *Id.* at 881, relying on RESTATEMENT (SECOND) OF CONTRACTS Section 356 (1979); *Muhlhauser*, 754 S.W.2d at 5. Furthermore, in determining whether an agreement sets forth a penalty or liquidated damages, we look to the intention of the parties as ascertained from the contract as a whole. *Robert Blond Meat Co. v. Eisenberg*,

273 S.W.2d 297, 299 (Mo.1954). The provision must be fixed on the basis of compensation, otherwise it is construed as a penalty clause designed primarily to compel performance. *Robert Blond,* 273 S.W.2d at 299. While the label the parties attach to a provision is not conclusive, it is a circumstance to be considered when deciding whether the provision is to be considered liquidated damages or a penalty. *Muhlhauser,* 754 S.W.2d at 5; *Robert Blond,* 273 S.W.2d at 299.

In this case the penalty of 10% of total contributions due for the month is a penalty provision and not a liquidated damages clause. The fee is termed a "late penalty." The amount of the penalty, 10% of all monthly contributions due, is far more than the loss of market interest on the monthly contributions during the time the payment is unpaid and is not a reasonable forecast of the harm caused by the breach. The harm caused by late payments is easily measurable in terms of loss of interest or investment return during the time the payment is unpaid and the expense of administrative costs incurred in pursuing collection. The trial court did not err in entering summary judgment in employer's favor.

The judgment of the trial court is affirmed.

GERALD M. SMITH and PUDLOWSKI, JJ., concur.