# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3946

_____

| | | |
|---|---|---|
| In re: CP Holdings, Inc., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| _____ | * | |
| | * | |
| CP Holdings, Inc., | * | Appeal from the United States |
| | * | District Court for the |
| Appellant, | * | Western District of Missouri. |
| | * | |
| v. | * | [UNPUBLISHED] |
| | * | |
| California Public Employees | * | |
| Retirement System, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 27, 2006
Filed: November 7, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Chapter 11 bankruptcy debtor CP Holdings, Inc. (CPH) appeals from an order of the district court[1] affirming the bankruptcy court's[2] order overruling CPH's objection to an amended proof of claim filed by the California Public Employees' Retirement System (CALPERS), the holder of a promissory note executed by CPH in 1989. CPH objected to CALPERS's proof of claim because it included a prepayment premium. CALPERS included the prepayment premium in its claim because, prior to CPH's bankruptcy filing, CPH had defaulted on the promissory note and CALPERS had accelerated the debt thereunder; CALPERS asserted that, under the terms of the promissory note, the prepayment premium became due and owing upon the acceleration.

The bankruptcy court, following a hearing, concluded that the prepayment premium was properly included in CALPERS's proof of claim. On appeal, CPH argues that the bankruptcy court erred in determining that the prepayment premium became due and owing under the terms of the promissory note, that the prepayment premium constituted enforceable liquidated damages under Missouri law, and that the prepayment premium was not improper under 11 U.S.C. § 506(b).

This court reviews the bankruptcy court's decision using the same standards as the district court; the bankruptcy court's factual findings are reviewed for clear error, and its legal conclusions are reviewed de novo. See In re Reynolds, 425 F.3d 526, 531 (8th Cir. 2005), cert. denied, No. 05-1361, 2006 WL 1130539 (U.S. Oct. 2, 2006). We review de novo the construction and legal effects of the promissory note, see Ark. Rice Growers Coop. Ass'n v. Alchemy Indus., Inc., 797 F.2d 565, 567 (8th Cir. 1986), the enforceability of a liquidated damages provision under state law, see In re Direct

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]The Honorable Arthur B. Federman, United States Bankruptcy Judge for the Western District of Missouri.

Transit, Inc., 226 B.R. 198, 200 (B.A.P. 8th Cir. 1998), and the applicability of section 506(b), see In re White, 260 B.R. 870, 874 (B.A.P. 8th Cir. 2001). However, if section 506(b) applies, we review the bankruptcy court's determination of reasonableness under section 506(b) for an abuse of discretion. See White, 260 B.R. at 880.

Upon de novo review, we agree with the lower courts that, under the clear language of the Note, CPH was required to pay a prepayment premium upon CALPERS's acceleration of the debt, regardless of whether CPH actually prepaid the debt. We also agree with the lower courts that the prepayment premium was permissible as liquidated damages under Missouri law. See Paragon Group, Inc. v. Ampleman, 878 S.W.2d 878, 880-81 (Mo. Ct. App. 1994) (liquidated damages are measure of compensation which, at time of contracting, parties agree shall represent damages in case of breach; to be valid and enforceable, liquidated damages clause must reasonably forecast harm to be caused by breach, and harm must be of kind that is difficult to estimate accurately; before liquidated damages will be triggered, there must be some showing of harm or damage resulting from breach). Finally, assuming without deciding that section 506(b) does apply, we hold that it was not an abuse of discretion for the bankruptcy court to determine that the prepayment premium was reasonable under the statute. See, e.g., In re Vanderveer Estates Holdings, Inc., 283 B.R. 122, 131-32 (Bankr. E.D.N.Y. 2002) (even if § 506(b) applies, premium satisfies statutory reasonableness requirement); cf. In re Kroh Bros. Dev. Co., 88 B.R. 997, 1001-02 (Bankr. W.D. Mo. 1988) (prepayment penalty was unreasonable and unenforceable under § 506(b) where formula for its calculation failed to provide discount to present value, resulting in huge windfall to claimant).

Accordingly, we affirm.

_____